United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10284
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALABA G. MULUMBA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-250-ALL-P
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Malaba G. Mulumba appeals his jury conviction and sentence for making a false claim of United States citizenship in violation of 18 U.S.C. § 911. Mulumba does not appeal his jury conviction for possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), and, thus, this conviction is not affected by the disposition of this appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mulumba contends that the Government failed to prove beyond a reasonable doubt that he represented himself to be a United States citizen. Because Mulumba did not move for a judgment of acquittal in the district court, this court's review of the sufficiency of the evidence "is limited to determining whether there was a manifest miscarriage of justice, that is, whether the record is devoid of evidence pointing to guilt." United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted).

A conviction for making a false claim of United States citizenship requires proof beyond a reasonable doubt that the defendant "falsely and willfully represent[ed] himself to be a citizen of the United States." 18 U.S.C. § 911. The sole evidence presented by the Government to establish a violation of 18 U.S.C. § 911 was an I-9 Employment Eligibility Verification Form wherein Mulumba checked a box certifying that he was "[a] citizen or national of the United States." (emphasis added). Because 18 U.S.C. § 911 criminalizes only false representations of United States citizenship and a person can be a national of the United States and yet not a citizen, the record is devoid of evidence that Mulumba falsely represented himself to be a citizen of the United States. Therefore, Mulumba's conviction under 18 U.S.C. § 911 is REVERSED. Further, because Mulumba's 18 U.S.C. § 911 conviction affected the sentence imposed in connection with his 18 U.S.C. § 922(g)(5) conviction, his sentence is VACATED and

the case is REMANDED for resentencing on the remaining count of conviction.

   18 U.S.C. § 911 CONVICTION REVERSED; SENTENCE VACATED;
   REMANDED FOR RESENTENCING ON THE REMAINING COUNT OF
   CONVICTION