**Justice Okoe SOWAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74409.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2006.*

Filed Aug. 4, 2006.

Robert Houston Pauw, Esq., Gibbs, Houston, Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David V. Bernal, Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

## MEMORANDUM ***

Justice Okoe Sowah petitions for review of the decision by the Board of Immigration Appeals affirming the decision of the Immigration Judge holding Sowah ineligible for adjustment of status and ordering him removed pursuant to 8 U.S.C. § 1227(a)(3)(D). We deny the petition for review.

█ The IJ held Sowah inadmissible for adjustment of status under 8 U.S.C. § 1182(a)(6)(C)(ii) on the ground that he falsely claimed U.S. citizenship. That statute declares "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter ... or any other Federal or State law" to be ineligible for admission. Sowah submitted a counterfeit U.S. birth certificate and misrepresented himself as a U.S. citizen on a passport application. The issuance of passports is governed by federal law. *See* 22 U.S.C. § 212; 22 C.F.R. § 51.2(a). Even if Sowah was unsuccessful in his attempt to obtain a passport and thereby failed to receive a "benefit," he clearly represented himself as a U.S. citizen for the "purpose" of receiving a passport. *See Toro–Romero v. Ashcroft*, 382 F.3d 930, 936 (9th Cir.2004). The fact that Sowah's action may also have constituted a ground for holding him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) does not mean that he cannot be cited under subsection (ii) as well. He violated both. Section 1182(a)(6)(C)(ii) is "a non-waivable ground of inadmissibility." *See Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir.2000). Sowah is thus ineligible for a waiver of inadmissibility, and he is deportable under 8 U.S.C. § 1227(a)(3)(D).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

█ Sowah also argues that the IJ violated his due process rights. An individual can assert a due process violation only regarding those things in which he or she has a constitutionally protected property or liberty interest. No protected liberty interest, and thus no due process right, lies in discretionary relief from deportation. *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) (noting that because "discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause"). The due process claim fails.

**PETITION DENIED.**