United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 06-60376

YASSER MOHAMED ADLY MOKHTAR ISMAIL,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A97 831 493)

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Yasser Mohamed Adly Mokhtar Ismail, a citizen of Egypt, challenges the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) decision that he is inadmissible under the Immigration and Nationality Act (INA) for having made a false claim of United States citizenship. Because the BIA's decision preceded our very recent opinion in *Theodros v. Gonzales*, 490 F.3d 396 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Cir. 2007), the BIA decision is **VACATED** and this matter is **REMANDED** to the BIA for proceedings in the light of that opinion.

I.

Ismail entered the United States in August 1995 as a nonimmigrant visitor, with authorization to remain until August 1996. Because he overstayed his visa, the Department of Homeland Security (DHS), in 2004, served him with a Notice to Appear and initiated removal proceedings.

Ismail conceded his removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), but sought an adjustment of status based on his 2003 marriage to a United States citizen. DHS maintained Ismail was inadmissible, under INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), for having made a false claim of United States citizenship in 1998, while enrolling as a part-time student at Drexel University in Philadelphia, Pennsylvania. Ismail contended the false statement did not render him inadmissible because it was not made for the purpose of obtaining a "benefit" available to citizens under state or federal law.

In March 2005, the IJ denied Ismail's request for adjustment of status and ordered him removed. The IJ found Ismail had obtained a "benefit" from Drexel under state law because: despite Drexel's status as a private university, it received funding from Pennsylvania; and Ismail would not have been allowed to enroll in the part-time program as a non-citizen. The IJ's decision was

2

based, in part, however, on evidence that had not been in the administrative record for the hearing, regarding state aid to private institutions. (The IJ also stated: but for the bar imposed by INA § 212(a)(6)(C)(ii), she would have exercised discretion and admitted Ismail.)

In April 2006, the BIA affirmed the IJ's decision. Noting that the state-funding evidence on which the IJ relied had not been admitted in the record, the BIA instead employed alternative grounds. It held: even if Ismail had not received a state "benefit", his false statement had been made to accomplish the "purpose" of gaining admission to college.

## II.

The BIA's factual findings are reviewed for substantial evidence; its rulings of law, *de novo*. *See* **Mireles-Valdez v. Ashcroft**, 349 F.3d 213, 215 (5th Cir. 2003). Although we review the BIA's decision, and not that of the IJ, the latter is considered to the extent it affects the BIA's decision. *See* **Lopez De Jesus v. INS**, 312 F.3d 155, 158 (5th Cir. 2002). If a statute is arguably ambiguous, we give **Chevron**-deference to the BIA's interpretation of it, *see* **Smalley v. Ashcroft**, 354 F.3d 332, 335-36 (5th Cir. 2003), unless "there are compelling indications that [its] interpretation is incorrect", **Rivera-Cruz v. INS**, 948 F.2d 962, 966 (5th Cir. 1991).

The sole issue at hand is the applicability of INA § 212(a)(6)(C)(ii). It renders inadmissible "[a]ny alien who falsely represents ... himself ... to be a citizen of the United States for *any purpose or benefit* under *this chapter* (including section 1324a of this title) *or any other Federal or State law ...*". 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (emphases added). Ismail contends the Government failed to show attending a private university was a "purpose or benefit". The Government responds: Ismail falsely represented his status in order to gain admission to Drexel's part-time evening-division program; and, accordingly, he avoided the visa and full-time study requirements of INA § 101(a)(15)(F)(i), 8 U.S.C. § 1101(a)(15)(F)(i).

Our court faced a similar issue in **Theodros**. There, we held reasonable the BIA's affirming the IJ's decision that an Ethiopian citizen was removable for falsely claiming United States citizenship in applying for private-sector employment. **Theodros**, 490 F.3d at 402. Our doing so was based, in part, on federal law making it unlawful to employ an illegal alien. As the BIA noted:

> The statute provides that "any purpose or benefit under this Act" is inclusive of section 274A [8 U.S.C. § 1324a], the rules governing unlawful employment of aliens by private or government entities. Reference to that section immediately following the "purpose or benefit" clause of section 237(a)(3)(D)(I) [8 U.S.C. § 1227(a)(3)(D)(I)] informs the inference that employment is an example of the sort of purpose or benefit contemplated by the statute.

4

*Id. See, e.g., **Pichardo v. INS***, 216 F.3d 1198, 1201 (9th Cir. 2000) (falsifying citizenship on a birth certificate, a violation of federal immigration law, bars entry); ***Rana v. Gonzales***, 175 F. App'x 988, 996 (10th Cir. 2006) (falsely claiming United States citizenship in order to obtain employment bars admissibility).

As noted, the BIA did not base its decision on Ismail's falsifying his citizenship to gain a benefit under state or federal law; instead, it held he violated INA § 212(a)(6)(C)(ii) in order to gain admission to Drexel University's part-time program. ***Theodros***, which interpreted that section, was decided after the BIA's April 2006 decision at issue.

The INA provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement" of the statute and that the "determination and ruling by the Attorney General with respect to all questions of law shall be controlling". 8 U.S.C. § 1103(a)(1). Furthermore, a "judicial judgment cannot be made to do service for an administrative judgment". ***SEC v. Chenery Corp.***, 318 U.S. 80, 88 (1943). This is especially true with regard to immigration matters; as this court noted previously, "federal immigration laws are exceedingly complex". ***Marcello v. Brown***, 803 F.2d 851, 857 (5th Cir. 1986) (internal quotation marks and citation omitted). Accordingly, because the "principles of ***Chevron*** deference are applicable to this statutory scheme", ***INS v. Aguirre-Aguirre***, 526 U.S. 415, 424 (1999), remand is appropriate in

5

order for the BIA to review its decision in the light of ***Theodros***. *See **INS v. Ventura***, 537 U.S. 12, 16 (2002) (holding "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands").

III.

For the foregoing reasons, the BIA decision is **VACATED** and this matter is **REMANDED** to the BIA for further proceedings consistent with this opinion.

***VACATED and REMANDED***