**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1398

BILLY SAMUEL JACKSON-OMIER,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Selya, Senior Circuit Judge

and Lipez, Circuit Judge.

Jorge Guttlein and Associates on brief for petitioner.
Brianne Whelan, Department of Justice, Civil Division, Office
of Immigration Litigation, Peter D. Keisler, Assistant Attorney
General, Civil Division, and James A. Hunolt, Senior Litigation
Counsel, Office of Immigration Litigation, on brief for respondent.

September 4, 2007

**Per Curiam**.  Billy Samuel Jackson-Omier, a national of Costa Rica, entered the United States on December 23, 1996, and stayed beyond the time permitted by his visa.  On May 14, 2001, Jackson submitted an application for a U.S. passport, on which he falsely indicated that he was born in the Panama Canal Zone and that his parents were United States citizens, which taken in combination would have made him a U.S. citizen.  8 U.S.C. § 1403(a) (2000).

Jackson was subsequently convicted by guilty plea of passport fraud, 18 U.S.C. § 1542 (2000), and sentenced to probation.  At the same time, the Immigration and Naturalization Service began proceedings to remove him based inter alia on his false claim of citizenship in his passport application.  8 U.S.C. § 1227(a)(3)(D)(i).  Jackson thereafter sought relief based on his marriage in 2002 to a U.S. citizen and the later birth of their son.[1]

On November 1, 2004, removal proceedings were held before an immigration judge ("IJ").  The IJ ordered Jackson removed to Costa Rica.  8 U.S.C. § 1227(a)(1)(B), (a)(2)(A)(i), (a)(3)(D).  The IJ also ruled that Jackson's applications for waiver of

---

[1]Specifically, Jackson filed an application for adjustment of status under 8 U.S.C. § 1255 and a waiver of inadmissibility under 8 U.S.C. § 1182(h), (i), in aid of a grant of permanent resident status.

-2-

inadmissibility and adjustment of status were precluded by Jackson's false passport application. 8 U.S.C. § 1182(a)(6)(C).

In February 2006, the Board of Immigration Appeals affirmed without opinion, and Jackson now petitions for review. Effectively, we review the IJ's decision, Gao v. Gonzales, 467 F.3d 33, 37 (1st Cir. 2006), which is amply supported. Indeed, none of Jackson's arguments warrants more than brief comment.

First, Jackson says that he never claimed that his parents were U.S. citizens. His passport application shows that he checked the box next to the name of each parent saying "yes" to the question whether they were U.S. citizens. This is enough.

Second, he says that he did not falsely represent himself as a U.S. citizen because he failed to submit the requisite proof --i.e., his parents' birth certificates--needed to obtain the passport. But the application itself amounted to a fraudulent claim of U.S. citizenship and neither the deportation or waiver provisions requires more than the fraudulent claim of citizenship to secure a passport. 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1227(a)(3)(D)(i).

Third, citing Conteh v. Gonzales, 461 F.3d 45 (1st Cir. 2006), cert. denied, 127 S. Ct. 3003 (2007), Jackson says that the IJ erred in reviewing the passport application and should instead have confined herself to a review of the conviction and charging documents. Conteh was concerned with whether an alien may be

removed for an aggravated felony conviction.  Id. at 49-50.  Here,

Jackson was removable because of a fraudulent claim of citizenship,

regardless of conviction, 8 U.S.C. § 1227(a)(3)(D)(i), and the IJ

was free to consider whether the application itself was fraudulent.

Compare Conteh,  461 F.3d  at 56.

　　　The petition for review is denied.