# Matter of Olga BARCENAS-BARRERA, Respondent

File A093 086 418 - Houston, Texas

*Decided June 19, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who willfully and knowingly makes a false representation of birth in the United States on a passport application is inadmissible under section 212(a)(6)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(ii) (2006), for making a false representation of United States citizenship.

(2) The respondent, who was convicted of violating 18 U.S.C. § 1542 (2006) for falsely representing that she was born in the United States on an application for a passport, is removable under section 237(a)(1)(A) of the Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as an alien who was inadmissible at the time of her adjustment of status under section 212(a)(6)(C)(ii) of the Act.

FOR RESPONDENT: Charissee L. Garza, Esquire, Bellaire, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Merilee Fong, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MILLER, and MALPHRUS, Board Members.

MALPHRUS, Board Member:

In a decision dated March 29, 2007, an Immigration Judge found that the respondent is not removable under section 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as an alien who was inadmissible at the time of her adjustment of status under section 212(a)(6)(C)(ii) of the Act, 8 U.S.C. § 1182(a)(6)(C)(ii) (2006), because she had not falsely represented herself to be a United States citizen.[1]

---

[1] The Immigration Judge did, however, find that the respondent was inadmissible at the time of her adjustment of status under section 212(a)(6)(C)(i) of the Act, as an alien who sought to procure a United States passport by fraud or willful misrepresentation of a material fact. He also granted her request for a waiver of inadmissibility under section 237(a)(1)(H) of the Act, which is available to waive the grounds of inadmissibility under section 212(a)(6)(C)(i), but not under section 212(a)(6)(C)(ii).

The Department of Homeland Security ("DHS") has appealed from the Immigration Judge's determination that the respondent was not inadmissible under that section.  The appeal will be sustained.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico.  In March 2003, she applied at a United States Post Office for a United States passport,[2] which she intended to give her employer as proof that she had authorization to work.  She had previously provided her employer a false social security card and birth certificate, which the employer had rejected as invalid.  The passport application, which she signed under oath, states that she was born in "Edinburg, TX."  The respondent's status was adjusted to that of a lawful permanent resident in September 2004, based on her marriage to a naturalized United States citizen.

In March 2006, the respondent was convicted of making a false statement on an application for a passport in violation of 18 U.S.C. § 1542, for which she was sentenced to 3 years' probation.[3]  Count one of the indictment to which the respondent pled guilty states that on or about March 12, 2003, she:

> willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for her own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated that her place of birth was "Edinburg, TX," which statement she knew to be false.

The record contains a copy of page 3 of the respondent's passport application, which lists her place of birth as "Edinburg, TX."  Immediately above the respondent's signature, the application includes a warning that it

---

[2] The Secretary of State has the authority to issue passports, which has been delegated to selected agents, including duly designated postal employees, who have the authority to accept passport applications and administer oaths in connection with such applications. *See United States v. Salinas*, 373 F.3d 161, 162 (1st Cir. 2004).

[3] According to 18 U.S.C. § 1542 (2006):

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws . . .
>    Shall be fined under this title, imprisoned . . . , or both.

should not be signed until requested to do so by the person administering the oath, as well as the following affirmation:

> I have not, *since acquiring United States citizenship*, performed any of the acts listed under "Acts or Conditions" on the reverse of this application form (unless explanatory statement is attached). I solemnly swear (or affirm) that the statements made on this application are true and the photograph attached is a true likeness of me.

(Emphasis added.)

## II. ANALYSIS

The DHS argues that clear and convincing evidence establishes that the respondent is removable under section 237(a)(1)(A) of the Act because she was inadmissible at the time of her adjustment of status under section 212(a)(6)(C)(ii). With a limited exception not applicable in this case, that section provides for the inadmissibility of "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act (including section 274A) or any other Federal or State law." Section 212(a)(6)(C)(ii) of the Act.

We agree with the DHS that the respondent was inadmissible under section 212(a)(6)(C)(ii) of the Act at the time of her adjustment of status, because the record contains clear and convincing evidence establishing that she falsely represented herself to be a United States citizen for the purpose of obtaining a benefit under the Act or any other Federal or State law. This provision is broadly defined and encompasses the respondent's representation on her passport application that she was born in Texas. It is undisputed that the respondent signed the application, and the Immigration Judge found that she willfully misrepresented on the application that she was born in Texas. As noted above, by signing the passport application the respondent affirmed that she had "acquir[ed] United States citizenship."

Moreover, the respondent's conviction establishes that she willfully and knowingly provided the false information regarding her place of birth on the passport application. *See, e.g.*, *United States v. George*, 386 F.3d 383, 389 (2d Cir. 2004) (holding that a conviction under 18 U.S.C. § 1542 requires that a defendant has provided in a passport application information that he or she knows to be false); *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001) (stating that "under the terms of 18 U.S.C. § 1542, the government must prove that the defendant made a willful and knowing false statement in an application for a passport or made a willful and knowing use of a passport secured by a false statement"). The fact that the respondent pled

guilty to violating 18 U.S.C. § 1542 precludes her from claiming that she did not knowingly submit false information to obtain a passport. *See Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir. 2006) (determining that an alien who pled guilty to a violation of 18 U.S.C. § 1542 was inadmissible under section 212(a)(6)(C)(ii) of the Act and was therefore precluded from receiving adjustment of status); *see also Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir. 2000) (holding that a conviction under 18 U.S.C. § 911 for making a false claim of United States citizenship established an independent ground for the alien's inadmissibility under section 212(a)(6)(C)(ii) of the Act).[4]

We disagree with the Immigration Judge's conclusion that the respondent's false representation on a passport application that she was born in Texas does not amount to a claim to be a United States citizen because a noncitizen national can apply for and receive a passport. While a national may be eligible for a passport, *see* 22 C.F.R. §§ 51.1(l), 51.2(a) (2009), the respondent never claimed to be a "national," a term that has historically "referred only to noncitizens born in territories of the United States." *Fernandez v. Keisler*, 502 F.3d 337, 349 (4th Cir. 2007); *see also Matter of Navas-Acosta*, 23 I&N Dec. 586, 587 (BIA 2003). *See generally* sections 101(a)(22), 308 of the Act, 8 U.S.C. §§ 1101(a)(22), 1408 (2006). The respondent claimed to have been born in Texas, not in a territory. The Fourteenth Amendment to the United States Constitution provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."[5]   Therefore the

---

[4] We recognize that in *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004), the United States Court of Appeals for the Ninth Circuit reversed a defendant's criminal conviction for making a false claim to United States citizenship under 18 U.S.C. § 911, where the sole evidence was that he checked a box on an employment form indicating that he was a "citizen or national of the United States." However, *Karaouni* is distinguishable from this case, in part because it involved a criminal statute that carries the higher burden of proof of guilt beyond a reasonable doubt. *See Theodros v. Gonzales*, 490 F.3d 396, 401 n.7 (5th Cir. 2007).

[5] We note that a person born in the United States is both a citizen and national of the United States at birth unless the individual is not "subject to the jurisdiction" of the United States. Section 301(a) of the Act, 8 U.S.C. § 1401(a) (2006). This limited exception refers generally to individuals born to foreign diplomats or to enemies within the United States during a hostile occupation of part of the territory of the United States. *United States v. Wong Kim Ark*, 169 U.S. 649, 473-74 (1898). There is no basis to include the respondent within this very narrow group, and even if there were, such an individual is not a citizen or national and is therefore not eligible to receive a United States passport. *See* 22 C.F.R. §§ 51.1(l), 51.2(a) (providing that a passport may be issued only to a United States citizen or a noncitizen national).

respondent's statement on her passport application that she was born in Texas would not be consistent with a claim to be a noncitizen national.

Section 212(a)(6)(C)(ii) of the Act applies to misrepresentations committed for any purpose or benefit under the Act or any other Federal or State law. Obtaining a United States passport is clearly a benefit within the scope of this section. A passport affords the bearer the benefit of being able to leave and enter the United States. *See Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005) (holding that obtaining entry to the United States by claiming to be a citizen of this country is a "benefit" under the Act); *cf.* section 215(b) of the Act, 8 U.S.C. § 1185(b) (2006) (requiring a United States citizen to have a valid passport to depart from or enter the United States unless otherwise provided). A United States passport would also have allowed the respondent to maintain employment in this country, which is the reason she applied for it.[6] Further, possession of a valid United States passport is a sufficient basis in itself to terminate immigration proceedings. *See Matter of Villanueva*, 19 I&N Dec. 101, 103 (BIA 1984) (finding that a valid United States passport issued to an individual as a citizen of the United States constitutes conclusive proof of that person's citizenship unless the passport is void on its face). Thus, a passport is clearly a "benefit" under the immigration laws, both as proof of United States citizenship and as a means to enter and be employed in this country.

We find by clear and convincing evidence that the respondent is removable under section 237(a)(1)(A) as an alien who was inadmissible at the time of her adjustment of status under section 212(a)(6)(C)(ii) of the Act. Section 237(a)(1)(H) of the Act does not waive inadmissibility under section 212(a)(6)(C)(ii). Nor has the respondent applied for or established her eligibility for any other form of relief from removal. Accordingly, the DHS's appeal will be sustained, and the respondent will be ordered removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Mexico.

---

[6] Section 212(a)(6)(C)(ii) specifically contemplates including as a "benefit" under the Act those benefits available pursuant to section 274A of the Act, 8 U.S.C. § 1324a (2006), which relates to alien employment.