# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

No. 09-60536

Lyle W. Cayce
Clerk

OLGA BARCENAS-BARRERA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A093 086 418

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Olga Barcenas-Barrera, a native and citizen of Mexico, seeks review of a BIA decision reversing the IJ and ordering her removal. In 2006, Barcenas-Barrera pleaded guilty to making a false statement on an application for a United States passport, in violation of 18 U.S.C. § 1542. DHS charged her with several grounds of removability based on the passport application. The IJ sustained one ground, but granted a waiver of inadmissibility based on Barcenas-Barrera's credible testimony and a finding that she was deserving of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court's discretion.   On review, the BIA sustained a second ground of removability, to which waiver does not apply, and ordered her removed to Mexico. Ms. Barcenas-Barrera petitioned for review. We hold the BIA's decision that Barcenas-Barrera was removable under 8 U.S.C. §1227(a)(1)(A) was not an abuse of discretion.   Accordingly, we DENY Barcenas-Barrera's petition for review of the BIA's judgment and order of removal.

## FACTS AND PROCEEDINGS

Ms. Barcenas-Barrera is a native and citizen of Mexico.  She entered the United States in 1986.   In 1988, she married Pedro Barrera, who became a naturalized United States citizen in 2000.   Based on this marriage, Barcenas-Barrera adjusted her status to that of lawful permanent resident ("LPR") in September 2004.  Before she adjusted her status, Barcenas-Barrera obtained a work permit under a then-existing amnesty program.  The work permit expired and she purchased a fake social security card and birth certificate showing her birthplace as in Texas from a co-worker.[1]  When her employer refused to accept those documents, the co-worker then advised Barcenas-Barrera to fill out a United States passport application using the fake documents.  Because she is illiterate in both English and Spanish, Barcenas-Barrera had a neighbor complete the form using the information from the fake social security card and birth certificate. Barcenas-Barrera signed the application and submitted it at a United States Post Office.  She maintains that she did not understand what she was signing, believed it was a type of work authorization, and did not think that she was claiming to be a United States citizen.   The Department of State discovered that both the social security number ("SSN") and birth certificate

---

[1] There were legal means for her to continue to work, but Barcenas-Barrera submits that she was unaware of them.

were false and was investigating when the Department of Homeland Security ("DHS") adjusted Barcenas-Barrera's status to LPR.

In March 2006, Barcenas-Barrera pleaded guilty to making a false statement on an application for a United States passport in violation of 18 U.S.C. § 1542[2] and was sentenced to three years of probation. The claimed false statement was her representation that she was born in Texas. The DHS then instituted removal proceedings, charging her, in relevant part, with removability under 8 U.S.C. § 1227(a)(1)(A), based on both 8 U.S.C. § 1182(a)(6)(C)(i) and (ii). Subsection (i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, . . . has sought to procure or has procured a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." Subsection (ii) provides that "[a]ny alien who . . . has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law is inadmissible."

The immigration judge ("IJ") hearing her case found Barcenas-Barrera removable under subsection (i), but not subsection (ii). He then granted a waiver of inadmissability pursuant to 8 U.S.C. § 1227(a)(1)(H).[3] Following DHS's appeal, the Board of Immigration Appeals ("BIA"), found Barcenas-Barrera also

---

[2] "Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws."

[3] Removability under 8 U.S.C. § 1182(a)(6)(C)(i), "whether willful or innocent, may . . . be waived for any alien . . . who (i)(I) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien [LPR]; and (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission . . . ." Removability under subsection (ii) cannot be waived.

removable under subsection (ii) and ordered her removed to Mexico. Barcenas-Barrera petitioned this court for review.

## STANDARD OF REVIEW

We review the BIA's findings of fact for substantial evidence and its legal determinations *de novo*. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). We do not review any part of the IJ's decision that the BIA did not expressly adopt. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). The substantial evidence standard requires us to determine, "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quotation marks and citation omitted) (emphasis in original). The petitioner bears the burden of showing that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* In addition, although the BIA's legal findings are reviewed *de novo*, the court must accord *Chevron* deference to the agency's interpretation of ambiguous immigration statutes. *Smalley v. Ashcroft*, 354 F.3d 332, 335–36 (5th Cir. 2003) (referring to *Chevron USA, Inc. v. Natural Res. Defense Counsel*, 467 U.S. 837, 844 (1984)). *Chevron* requires us to defer to an agency's interpretation if it is based on a permissible construction of the statute and if Congress has not evidenced a clear and unambiguous intent concerning the question before the court. *White v. INS*, 75 F.3d 213, 215 (5th Cir. 1996) (citing *Chevron*, 467 U.S. at 842–43).

## DISCUSSION

Barcenas-Barrera argues that the BIA erred by (1) conducting *de novo* review of the IJ's findings of fact and by engaging in its own fact finding, and (2) concluding that Barcenas-Barrera made a false representation of United States citizenship within the meaning of 8 U.S.C. § 1182(a)(6)(C)(ii). To evaluate these

4

claims, we first analyze whether Barcenas-Barrera properly exhausted her two claims. Then, because we conclude that she did not exhaust the first, but did exhaust the second, we proceed to the merits of the second issue only.

## I.    Administrative Exhaustion

The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") affords this court jurisdiction over Barcenas-Barrera's request for review only if she has "exhausted all administrative remedies available to [her] as of right" on these issues. 8 U.S.C. § 1252 (d)(1). "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009). In this circuit, an alien meets the exhaustion requirement only if she has "explicitly" raised the issue before the BIA on direct appeal, a motion to reopen, or a motion for reconsideration. *Id.* at 320–21 (discussing a motion for reconsideration); *see also Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008) (addressing direct appeal or motion to reopen); *Heaven v. Gonzales*, 473 F.3d 167, 177 (5th Cir. 2006) (same). That "the BIA had sufficient notice of—and opportunities to address—the issues" presented is not sufficient to give this court jurisdiction. *Omari*, 562 F.3d at 321. This rule "provid[es] the BIA with adequate notice of those issues it should address" and affords "the agency with the expertise in immigration matters[] with the opportunity" to address all arguments, "including those of its own alleged legal error." *Id.*

Accordingly, we are without jurisdiction to address whether the BIA erred by conducting *de novo* review of the IJ's findings of fact and by engaging its own fact finding. *See* 8 U.S.C. § 1252(d)(1). Barcenas-Barrera argues that the BIA made legal errors in its decision; these arguments could have been presented to

the BIA on a motion to reopen or for reconsideration. *See Omari*, 562 F.3d at 319–21. The BIA has mechanisms adequate to address and remedy these types of errors. *Id.* (citing 8 C.F.R. § 10003.2). Rather than giving the BIA an opportunity to address these questions, however, Barcenas-Barrera resorted directly to this court, depriving us of authority to consider them. *See id.* at 319–20 (finding no jurisdiction to review whether BIA erred "by making its own factual findings instead of properly deferring to those of the IJ" because alien did not first present question to BIA in motion to reopen or for reconsideration).

We do, however, possess jurisdiction to review the BIA's conclusion that Barcenas-Barrera made a false representation of United States citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii). The DHS directly presented this question to the BIA, which reversed the IJ's conclusion that Barcenas-Barrera was not removable under this section. *In re Barcenas-Barrera*, 25 I&N Dec. 40, 42 (BIA 2009) (finding that subsection (ii) "is broadly defined and encompasses the respondent's representation on her passport application that she was born in Texas"). This is sufficient to satisfy § 1252(d)(1). *Omari*, 526 F.3d at 320. We also have jurisdiction to consider Barcenas-Barrera's more specific argument that the BIA erred in concluding that she satisfied subsection (ii)'s intent requirement. In her brief to the BIA, Barcenas-Barrera argued that subsection (ii) contains an intent requirement. She thus met her obligation to "'raise,' 'present,' or 'mention' [the] issue to the BIA to satisfy exhaustion," *Omari*, 526 F.3d at 321 (collecting cases). Because this question was presented to the BIA on direct appeal, she was not required to move for reconsideration or to reopen in order to exhaust it. *Omari*, 526 F.3d at 320. We therefore proceed to the merits of this issue.

## II.    False Representation of United States Citizenship Under 8 U.S.C. § 1182(a)(6)(C)(ii)

Before we analyze this question, we first note the parties' arguments regarding the applicable standard of review.  The DHS submits that Barcenas-Barrera presents a question of law, while she alternately argues that it is a legal question and a factual question.  Her arguments that it is a question of fact are incorrect.  They merely assume the answer to a legal question—whether subsection (ii) contains an implied intent requirement—in her favor, and proceed to argue that the facts do not show that she possessed the required intent.  As this court recently noted, "an IJ's finding about what happened to [an] individual constitutes a factual finding" but its finding "that those facts rise to the level [necessary to meet the statutory requirements] constitutes a legal question." *Ramirez v. Holder*, No. 08-60350, 2010 WL 1287069, at *1 (5th Cir. April 5, 2010).  Barcenas-Barrera alleges that the BIA erred in deciding that the facts of her case satisfy subsection (ii): a legal question regarding the BIA's interpretation of a statute it is responsible for administering.[4]

When we review the BIA's construction of such statutes, we are obligated to defer to its interpretations, unless Congress has shown an unambiguous intent concerning the question or the agency's interpretation is not based on a permissible construction of the statute.  *White*, 75 F.3d at 215 (citing *Chevron*, 467 U.S. at 842–43). We may reject an interpretation that is "arbitrary, capricious, or manifestly contrary to the statute," but may not substitute our

---

[4] The IIRIRA provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement" of the statute and that the "determination and ruling by the Attorney General with respect to all questions of law shall be controlling."  8 U.S.C. § 1103(a)(1).

judgment for that of the BIA. *Chevron*, 467 U.S. at 844. With this in mind, we review the substance of the BIA's decision on this issue.

The BIA, presented with the question of whether Barcenas-Barrera was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) at the time she converted to LPR, concluded that the "falsely represented, himself or herself to be a citizen of the United States" language of subsection (ii) "is broadly defined and encompasses the respondent's representation on her [signed] passport application that she was born in Texas." *In re Barcenas-Barrera*, 25 I&N Dec. 40, 42 (BIA 2009). It did not explicitly answer Barcenas-Barrera's argument that subsection (ii) only applies to those aliens who "willfully and knowingly" misrepresented themselves as citizens. Portions of its decision indicate that it may have interpreted subsection (ii) not to require a willful and knowing false misrepresentation.[5] Other portions, however, support a conclusion that the BIA interprets subsection (ii) to require some evidence of the alien's intent to misrepresent herself, but that it found the evidence against Barcenas-Barrera was sufficient to satisfy the intent requirement.[6]

We have not previously addressed the presence of an intent requirement in subsection (ii) or this section's application to an alien who has made a misrepresentation in a passport application. Four of our sister circuits, however, have upheld BIA decisions finding inadmissible under subsection (ii) aliens who

---

[5] It expressly distinguished this from criminal statutes containing an express intent requirement, because conviction under those statutes requires the government to satisfy a higher burden of proof.

[6] It noted that, by pleading guilty to a § 1542 violation, Barcenas-Barrera had admitted to willfully and knowingly providing false information regarding her birth place with the intent to secure a passport contrary to law. *In re Barcenas-Barrera*, 25 I&N Dec. 40, 43 (BIA 2009). It also found that a passport would "have allowed the respondent to maintain employment in this country, which is the reason she applied for it." *Id.* at 44.

falsely represented their circumstances of birth in passport applications in ways that implied United States citizenship.  *See Vana v. Attorney General*, 341 F. App'x 836, 839 (3d Cir. 2009); *Jackson-Omier v. Gonzales*, 246 F. App'x 1, 1 (1st Cir. 2007); *Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir. 2006); *Sowah v. Gonzales*, 196 F. App'x 576, 577 (9th Cir. 2006).  Only one of these cases involved an intent argument like Barcenas-Barrera's.  *Vana*, 341 F. App'x at 838.  In the other three, the aliens did not dispute that they had intended to misrepresent themselves.  In *Vana*, the Third Circuit rejected Vana's argument "that 'scienter' is an implied requirement of a 'false claim of United States citizenship.'"  341 F. App'x at 838 (addressing alien's assertion that he had not intended to represent himself as a United States citizen, but merely "allowed someone to file a passport application for him because he had been told [it] would give him the right to work").  The court in *Vana* did not conduct a full analysis of the argument, relying instead on a Second Circuit decision that did not need to explore the intent issue because the alien admitted intent.  *Id.* (citing *Rodriguez*, 451 F.3d at 65 (relying on alien's admission of falsely representing himself as a citizen).  There is no clear ruling by any of the circuits addressing whether subsection (ii), when applied to an alien who falsely represented his or her circumstances of birth in a passport application in a manner that implied United States citizenship, requires evidence of an alien's intent to misrepresent himself as a United States citizen.

This court, however, need not decide this issue.  The BIA has not provided clear guidance regarding its intended interpretation of this statute, which it is responsible for administering, and about which it—rather than this court—possesses expertise.  It is also apparent from the BIA's decision that the

9

agency had before it more than sufficient evidence from which to determine that Barcenas-Barrera possessed any intent that subsection (ii) may require.

The BIA did not err in concluding that Barcenas-Barrera made a false representation of United States citizenship within the meaning of subsection (ii). The BIA concluded that subsection (ii) had a "broad" application and that Barcenas-Barrera's conduct amounted to a false representation of citizenship under that statute. The BIA did not err if it found it necessary to conclude that Barcenas-Barrera willfully and knowingly made a false representation of United States citizenship.

This court owes *Chevron* deference to the BIA's interpretation of the statute. Because Congress has not evidenced an unambiguous intent on the issue of whether subsection (ii) requires a willful and knowing misrepresentation of citizenship, we owe *Chevron* deference to the agency's interpretation and may only reject it if we determine that it is "arbitrary, capricious, or manifestly contrary to the statute." *White*, 75 F.3d at 215 (quoting *Chevron*, 467 U.S. at 844). The BIA noted that, by pleading guilty to a § 1542 violation, Barcenas-Barrera had admitted that she (1) willfully (2) made a false statement on a United States passport application, (3) with the intent to induce or secure the issuance of a passport, contrary to law. *See* 18 U.S.C. § 1542. It also recognized that she made assertions on a passport application that, if true, would have entitled her to United States citizenship, barring unusual exceptions that she never argued apply. She then signed a certification[7] that, by implication, affirmed that she was a citizen or national of the United States.

---

[7] "I have not, since acquiring United States citizenship, performed any of the acts listed under "Acts or Conditions" on the reverse of this application (unless explanatory statement is attached). I solemnly swear (or affirm) that the statements made on this application are true and the photograph attached is a true likeness of me."

The record clearly shows more evidence of Barcenas-Barrera's intent than the mere "checking of a box." *See United States v. Mulumba*, 162 F. App'x 274, 275 (5th Cir. 2005) (holding alien's checking of a box certifying that he was "[a] citizen or national of the United States" on an I-9 Employment Eligibility Verification Form insufficient evidence of intent to misrepresent himself as a citizen to satisfy a "beyond a reasonable doubt" standard).

In the absence of more specific guidance from the BIA, we do not decide specifically whether § 1182(a)(6)(C)(ii) requires evidence of the alien's intent to falsely claim United States citizenship and, if so, how much evidence it requires. While we have recognized that remand to the BIA for clarification of its decisions is possible and proper, *see Ismail v. Gonzales*, 245 F. App'x 366, 369 (5th Cir. 2007) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)), we need not pursue that course here because of the volume of evidence specifically noted in the BIA's decision. Barcenas-Barrera's conduct is more than sufficient to establish that, if evidence of an alien's intent is required to make her inadmissible under subsection (ii), the BIA's determination that she possessed that intent was reasonable.

## CONCLUSION

For the reasons set forth above, we DENY Barcenas-Barrera's petition for review of the BIA's judgment and order of removal.