**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARTHA OCTAVIA KOEGEL, | No. 08-74973 |
| Petitioner, | Agency No. A079-160-734 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2013
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Petitioner Martha Octavia Koegel seeks review of the BIA's order denying

her application for adjustment of status on the basis that she is inadmissible under

8 U.S.C. § 1182(a)(6)(C)(ii) and granting her voluntary departure.  We have

jurisdiction pursuant to 8 U.S.C. § 1252, and now deny the petition for review.

In 1997, Koegel pled guilty to violating 18 U.S.C. § 1542 for falsely

representing her place and date of birth on a United States passport application.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The conviction for making a false statement does not establish she falsely represented her *citizenship* "for any purpose or benefit" under 8 U.S.C. § 1182(a)(6)(C)(ii). *Smiley v. United States*, 181 F.2d 505, 506 (9th Cir.), *cert. denied*, 340 U.S. 817 (1950). However, the record evidence establishes that she signed an oath (item 21) that contained the phrase "since acquiring United States citizenship," falsely represented she was born in Texas, filed a counterfeit Texas birth certificate to support that assertion, and never maintained that she was merely a United States national. We could deny the petition for review on those grounds alone, but the BIA has already resolved a virtually identical case.

In *Matter of Olga Barcenas-Barrera*, 25 I. & N. Dec. 40 (BIA 2009), the BIA found an alien inadmissible and therefore ineligible for adjustment of status under § 1182(a)(6)(C)(ii), where she had signed the exact same oath at issue here and represented that she was born in Texas. *Id*. at 42-44. Since that was a reasonable construction of a statutory ambiguity, we must defer to the agency's determination. *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 & n.11 (1984). *Barcenas-Barrera* is squarely on point here, and so we must deny Koegel's petition for review.

**DENIED.**