**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS PADILLA CAMACHO, | No. 12-72385 |
| Petitioner, | |
| v. | Agency No. A078-012-936 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and HURWITZ, Circuit Judges.

Jesus Padilla Camacho, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying him

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adjustment of status and cancellation of removal. We deny in part and dismiss in part the petition for review.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review Padilla's application for cancellation of removal and therefore dismiss the petition insofar as it asks us to review the immigration judge's disposition of that application. Padilla raises no colorable constitutional or legal question that would restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). The immigration judge made a discretionary moral character ruling and did not deny Padilla the opportunity to present character evidence.

Substantial evidence supports the agency's finding that Padilla is ineligible for adjustment of status. Padilla confessed in an interview with immigration officials that he purchased a California birth certificate and used it to obtain a United States passport. We defer to the Board's reasonable interpretation of 8 U.S.C. § 1182(a)(6)(C)(ii) in *Matter of Barcenas-Barrera*, 25 I. & N. Dec. 40 (BIA 2009), that obtaining a passport is a benefit under the immigration laws.

Although substantial evidence for the agency's finding exists independent of Padilla's confession, we find its admission fundamentally fair. *Cf. Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The sole test for admission of evidence [in a

deportation hearing] is whether the evidence is probative and its admission is fundamentally fair.").

The Form I-213 that contained Padilla's confession was certainly probative, and enjoys a presumption of reliability, *id.*, that Padilla did nothing to overcome. Further, the record demonstrates that Padilla chose not to contact the form's author when the government made him available by telephone at Padilla's removal proceeding. Given these circumstances, there was nothing fundamentally unfair about admitting the form into evidence.


**PETITION DENIED IN PART AND DISMISSED IN PART.**