**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA ANTOINETTE MOREHEAD, AKA Monique Petrice Hightower, | No.   15-72224 |
| Petitioner, | Agency No. A057-555-427 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2019[**]
Pasadena, California

Before:     TASHIMA and PAEZ, Circuit Judges, and KATZMANN,[***] Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable Gary S. Katzmann, Judge of the United States Court of International Trade, sitting by designation.

Veronica Antoinette Morehead, a native and citizen of Jamaica, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") decision that found her removable as charged and ordered her removed to Jamaica. Morehead seeks relief on the grounds that the IJ violated her due process rights by admitting documents that had not been properly authenticated and without requiring additional testimony from certain witnesses. She also challenges her removability on sufficiency of the evidence grounds.

We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted and affirmed the IJ's decision with a citation to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), while also adding its own reasoning, we review both the IJ and BIA decisions. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We review de novo the BIA's determination of constitutional and legal questions, including claims of due process violations, *see id.*, and we review any administrative findings of fact for substantial evidence, meaning we uphold the agency's findings unless the evidence compels a contrary result, *see* 8 U.S.C. § 1252(b)(4)(B); *Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). We deny the petition for review.

**1.** The IJ's admission of and reliance on the passport application, FBI rap sheet, and docket sheet relating to Monique Petrice Hightower did not violate Morehead's due process rights. The "sole test" governing the admission of evidence in deportation proceedings is "whether the evidence is probative and its admission is fundamentally fair." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995), *as amended on denial of reh'g* (Apr. 7, 1995). As to authentication specifically, the Ninth Circuit has held that "immigration forms [must] be authenticated through some recognized procedure, such as those required by [Department of Homeland Security] regulations or by the Federal Rules of Civil Procedure." *Id.* at 309–10. We have clarified that the procedures set forth in the Federal Rules of Evidence may also be used to authenticate documents in immigration proceedings. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1183 (9th Cir. 2007).

Here, the IJ considered various items of evidence before concluding that the contested documents were authentic, i.e., that they were what the government purported them to be: documents that related to Morehead even though they bore the Hightower name. The IJ relied on the following evidence in concluding that the documents could be linked to Morehead: (1) a fingerprint match between the prints submitted by Morehead as part of her 2008 naturalization application and the

3

prints taken when "Monique Petrice Hightower" was arrested and charged in 2000 in California; (2) a photo, which the IJ unequivocally found was of Morehead, that was submitted with the 1999 passport application under Hightower's name; (3) a photo that accompanied an official document from the Jamaican Constabulary in the name of Veronica Antoinette Morehead; and (4) the listing of Wayne Morehead as a cousin and contact person on the 1999 passport application in Hightower's name, and as a spouse in the 2004 visa application and 2008 naturalization application in Morehead's name.

The IJ's consideration of this evidence conformed to the procedure for authentication set forth in Federal Rule of Evidence 901. *See Vatyan*, 508 F.3d at 1184 (explaining that Rule 901 "allows the . . . court to admit evidence if sufficient proof has been introduced so that a reasonable [fact-finder] could find in favor of authenticity"); *cf. United States v. Whitworth*, 856 F.2d 1268, 1282–83 (9th Cir. 1988) (finding that the district court had satisfied Rule 901(a)'s authentication standard in a criminal case where the judge examined documents and compared their contents to other known facts to conclude that they were authored by the defendant). As a result, the IJ's finding of authenticity not only was supported by substantial evidence, but also satisfied our requirement that "immigration forms be authenticated through some recognized procedure." *Espinoza*, 45 F.3d at 309.

4

Under these circumstances, and because Morehead did not provide any evidence undermining the documents' trustworthiness or authenticity, the IJ was not required to adduce testimony from experts or other witnesses, and the admission of the documents was fundamentally fair. *See id.* at 310; *Trias-Hernandez v. INS*, 528 F.2d 366, 370 (9th Cir. 1975).

**2.** Morehead's related argument that due process required the government to produce such witnesses in order to provide her the opportunity to confront and "cross-examine the witnesses against her" is also unavailing. Unlike in *Ching* and *Baliza*, the government here did not introduce any affidavits or documents containing testimony of "witnesses against" Morehead. *See Ching v. Mayorkas*, 725 F.3d 1149, 1153, 1158–59 (9th Cir. 2013); *Baliza v. INS*, 709 F.2d 1231, 1232–34 (9th Cir. 1983). Moreover, because Morehead did not present any evidence contradicting the information in or authenticity of the government's proffered documents, the IJ was not required to permit such cross-examination. *See Espinoza*, 45 F.3d at 311 ("Aliens in deportation proceedings may not assert a cross-examination right to prevent the government from establishing uncontested facts." (internal quotation marks omitted)).

**3.** Substantial evidence supports each of the three independent bases on which Morehead was found to be inadmissible at the time she entered the United

States in 2005, making her removable as an "alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time." 8 U.S.C. § 1227(a)(1)(A). First, substantial evidence supported the finding that Morehead was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) for having falsely represented herself to be a United States citizen to obtain a benefit, because the IJ found that Morehead filed a passport application in 1999, in which she falsely claimed to be a citizen. As the BIA noted, "a passport is clearly a 'benefit' under the immigration laws." *Matter of Barcenas-Barrera*, 25 I. & N. Dec. 40, 44 (BIA 2009).

In addition, substantial evidence supported the finding that Morehead was inadmissible under § 1182(a)(6)(C)(i) for having misrepresented a material fact in order to procure admission into the United States, because the FBI rap sheet showed that Morehead had lied in her 2004 visa application about having never been to the United States and having never been arrested, charged, or convicted of a crime. Finally, substantial evidence supported the finding that Morehead was inadmissible under § 1182(a)(7)(A)(i)(I) for not having been in possession of a valid entry document, because the misrepresentations in her 2004 visa application rendered void ab initio the visa that Morehead used to enter the United States in 2005. *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010)

(explaining that under Ninth Circuit precedent, "all grants of [legal permanent resident] status that were not in substantive compliance with the immigration laws [are] void ab initio" (citation omitted)).

**PETITION FOR REVIEW DENIED.**