MATTER OF F—

In SECTION 245 Proceedings

A–10490404

*Decided by Regional Commissioner September 16, 1960*
*Approved by Assistant Commissioner October 7, 1960*

**Adjustment of status—Section 245, as amended—Alien erroneously admitted as United States citizen without false claim held eligible.**

An alien who was erroneously admitted as a United States citizen but who did not willfully make a false claim to citizenship meets the "inspected and admitted" requirement for eligibility under amended section 245 of the Immigration and Nationality Act. The contrary rule obtains when the claim to citizenship was made willfully and fraudulently.

**BEFORE THE REGIONAL COMMISSIONER**
(September 16, 1960)

**DISCUSSION:** This case comes forward on appeal from the order of the district director denying the application on the ground that the alien was not admitted as a *bona fide* nonimmigrant.

Applicant is a 37-year-old married female, a native and citizen of the Philippine Islands. She was married to a native-born citizen of the United States in Carson City, Nevada, on June 6, 1950. This is applicant's first marriage and of this union two children were born in the United States. Her spouse's two previous marriages were terminated by divorce. All of applicant's immediate family reside in the United States. Her father, formerly a citizen of Germany, and mother, formerly a citizen of the Philippine Islands, were naturalized in San Francisco on May 25, 1934, and August 16, 1960, respectively. She has one sister who is a native-born United States citizen. Her two brothers and other three sisters, all natives and citizens of the Philippine Islands, are lawful resident aliens whose status in the United States was adjusted through preexamination proceedings.

Applicant first entered the United States at San Francisco on February 9, 1932, with other members of her family as nationals of the United States. It was during this period of residence in the United States that her father was naturalized on May 25, 1934. On June 26, 1936, along with other members of her family, applicant

54

returned to the Philippine Islands. On August 3, 1939, applicant next applied for admission with her family at San Francisco as a citizen of the United States. The Board of Immigration Appeals ordered her excluded holding that she failed by one day to gain United States citizenship under section 2172 of the Revised Statutes through her father's naturalization on May 25, 1934, and that she lacked by about eight months completing the required five years residence in the United States pursuant to a lawful admission to gain citizenship through her naturalized father under the Act of May 24, 1934. On March 24, 1940, applicant returned to the Philippine Islands under the exclusion order of the Board of Immigration Appeals. Applicant last arrived in the United States on May 2, 1945, at San Pedro, California, with other members of her family on board the United States Naval Transport *Admiral Eberle*, as a wartime evacuee from the Philippine Islands. Upon this arrival, applicant was inspected and erroneously admitted as a United States citizen and has since resided continuously in the United States.

On April 18, 1956, applicant sought adjustment of her immigration status through preexamination, and although her application was approved by the Service she was unable to proceed to Canada and obtain her immigrant visa due to financial difficulties. Applicant subsequently applied under section 245 of the Immigration and Nationality Act for status as a permanent resident. This application was submitted about September 8, 1959, and was denied on the ground that she was not admitted as a *bona fide* nonimmigrant when she last entered the United States on May 2, 1945. The denial was timely appealed. Although the application in this case was filed, considered, denied, and appealed under section 245 as that section existed prior to July 14, 1960, the appeal will be considered under present section 245.

In its present form, the statute confers discretionary authority upon the Attorney General to adjust the status of an alien, other than an alien crewman, to that of a permanent resident if such alien:

1. Was inspected and admitted or paroled into the United States;
2. Makes an application for adjustment;
3. Is eligible to receive an immigrant visa;
4. Is admissible to the United States for permanent residence; and
5. An immigrant visa is immediately available to him at the time his application is approved.

The requirement that an alien must have been admitted to the United States as a *bona fide* nonimmigrant to qualify for adjustment no longer appears in the current statute. Therefore, if the applicant meets the above-enumerated requirements, her application may be granted.

A proper application has been filed and the applicant has been

found to be eligible to receive an immigrant visa and admissible to the United States for permanent residence. A petition to accord her nonquota status has been approved so an immigrant visa is immediately available to her. The only issue to be resolved is whether she was inspected and admitted into the United States.

It is well established that aliens who knowingly made a false claim to United States citizenship for the purpose of evading inspection under the immigration laws gained entry without inspection (*Matter of C—V—*, 1—385; *Matter of P—*, 5—220; *Matter of E—*, 6—275). The courts also have so held. In the case of *United States ex rel. Volpe* v. *Smith*, 62 F.2d 808, Judge Evans, in writing the majority opinion, stated:

> No other false or fraudulent representation could have accomplished its unlawful purpose [entry] so effectively as the one appellant adopted. To assert that he was a citizen of the United States and that his naturalization papers were in Chicago wholly disarmed the inspector and terminated the inspection. . . . In legal effect, there was no inspection. (Matter in brackets added.)

However, it has been held that where a person presented himself to an immigrant inspector and stated that he was a citizen of the United States, honestly believing this to be the truth, that person did not enter without inspection (*Matter of S—*, unreported, A-5984855, B.I.A., Dec. 31, 1946; *Matter of D—*, unreported, A-6768542, B.I.A., Oct. 19, 1949). With reference to the applicant's erroneous admission as a United States citizen, the records disclose that upon arrival she presented herself for inspection and did not willfully make a false claim to such citizenship. Accordingly, the applicant is considered to have been inspected and admitted. (See *Matter of K—B—N—*, A-10825969, 9—50, Sept. 14, 1960.)

The applicant has resided in the United States for more than 20 years. She is married to a United States citizen and has two minor United States citizen children. Evidence of her good moral character has been submitted. Therefore, it is concluded that the facts and circumstances in this case merit favorable exercise of the Attorney General's discretionary authority. The appeal will be sustained and the application will be granted.

**ORDER:** It is ordered that the application be granted.