# Matter of Keon RICHMOND, Respondent

*Decided July 28, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A false claim to United States citizenship falls within the scope of section 212(a)(6)(C)(ii)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2012), where there is direct or circumstantial evidence that the false claim was made with the subjective intent of obtaining a purpose or benefit under the Act or any other Federal or State law, and where United States citizenship actually affects or matters to the purpose or benefit sought.

(2)  There is a distinction between achieving a "purpose" and obtaining a "benefit" under section 212(a)(6)(C)(ii)(I) of the Act.

(3)  Avoiding removal proceedings qualifies as a "purpose" within the meaning of section 212(a)(6)(C)(ii)(I) of the Act.

FOR RESPONDENT:  Ryan Muennich, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Sue Chen, Senior Attorney

BEFORE:  Board Panel:  COLE, GUENDELSBERGER, and MALPHRUS, Board Members.

COLE, Board Member:

This case is before us on remand from the United States Court of Appeals for the Second Circuit for further consideration of the respondent's inadmissibility under section 212(a)(6)(C)(ii)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2012), and his eligibility for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2012).  *Richmond v. Holder*, 714 F.3d 725 (2d Cir. 2013).  The respondent's appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Trinidad and Tobago who was admitted to the United States on May 3, 2001, as a nonimmigrant visitor. He was convicted on May 3, 2005, of assault in the second degree under

section 120.05(3) of the New York Penal Law. This conviction was overturned by the New York State Appellate Division on January 17, 2007.

The Department of Homeland Security ("DHS") initiated removal proceedings on January 5, 2007, charging that the respondent is removable as a nonimmigrant who overstayed his visa and an alien convicted of an aggravated felony under sections 237(a)(1)(B) and (2)(A)(iii) of the Act, 8 U.S.C. §§ 1227(a)(1)(B) and (2)(A)(iii) (2006). In a hearing before the Immigration Judge on March 13, 2007, the respondent conceded that he was removable for overstaying his visa, denied the aggravated felony charge, and sought adjustment of status based on an approved immigrant visa petition filed by his United States citizen spouse.

The DHS argued that the respondent was ineligible for adjustment of status because he was inadmissible under section 212(a)(6)(C)(ii)(I) of the Act based on his prior false claim to United States citizenship.[1] The DHS submitted evidence that in 2005, the respondent was interviewed by two DHS officers on two separate occasions while in State custody and that, during both interviews, the respondent swore that he was a United States citizen, having been born in Brooklyn, New York.[2]

The respondent admitted that he was interviewed by DHS officers but testified that he had no idea why he was being interviewed. In this regard, the respondent also testified that he had no fear of being deported because his mother had told him he was a United States citizen. Although the respondent admitted that he used a Trinidadian passport to enter the United States, he claimed that he could not read at that time and therefore did not know that the passport was issued by Trinidad and Tobago.

The Immigration Judge sustained the overstay charge of removability under section 237(a)(1)(B) of the Act but determined that the DHS had not established the respondent's removability under section 237(a)(2)(A)(iii) for conviction of an aggravated felony. The Immigration Judge also found the respondent ineligible for adjustment of status because he determined that the false claims to United States citizenship he made to the DHS officers were to obtain a "benefit" pursuant to section 212(a)(6)(C)(ii)(I) of

---

[1]    Section 212(a)(6)(C)(ii)(I) of the Act provides as follows:

> Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States *for any purpose or benefit under this Act* (including section 274A) or any other Federal or State law is inadmissible.

(Emphasis added.)

[2]    The DHS obtained a copy of the respondent's Trinidadian passport and birth certificate, and the respondent was indicted for making a false claim to United States citizenship in violation of 18 U.S.C. § 911 (2000). These charges were later dismissed.

the Act. According to the Immigration Judge, the false claim "completely exempt[ed] the respondent from further scrutiny or investigation by Immigration Officers and would of course be the complete defense to any Immigration related proceedings seeking to remove the respondent from the United States." The Immigration Judge also did not find the respondent's claim that he believed he was a United States citizen to be credible in light of the circumstances of his admission to the United States, contradictory information in a presentence report, and the lack of corroborating testimony from his mother.[3] The Immigration Judge therefore ordered the respondent removed to Trinidad and Tobago.

The respondent appealed. We dismissed his appeal, affirming the Immigration Judge's finding that the respondent is ineligible for adjustment of status. We found no clear error in the Immigration Judge's adverse credibility finding as to the respondent's claim that he had a good faith belief that he was a United States citizen. We held that the respondent's false claim to citizenship to avoid being placed in removal proceedings had been made for a "purpose or benefit" under the Act and rendered him inadmissible under section 212(a)(6)(C)(ii)(I).[4] The respondent filed a petition for review of our decision with the Second Circuit, and on April 30, 2013, the court vacated our decision and remanded the proceedings for us to provide an authoritative analysis of section 212(a)(6)(C)(ii)(I). *Richmond*, 714 F.3d at 729−31.[5]

## II. ISSUES

In this decision, we will (1) interpret the meaning and scope of the phrase "for any purpose or benefit under this Act . . . or any other Federal

---

[3]   The Immigration Judge also denied the respondent's motion to suppress the statements that he had provided to the DHS officers during his interviews while in State custody.

[4]   To qualify for adjustment of status, an alien must demonstrate that he is "admissible to the United States for permanent residence." Section 245(a)(2) of the Act; 8 C.F.R. § 1240.8(d) (2016) ("The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege . . . ."). "Because applicants for adjustment of status are 'assimilated to the position' of aliens seeking entry into this country, such aliens must show that they are 'clearly and beyond doubt' [not inadmissible]." *Crocock v. Holder*, 670 F.3d 400, 403 (2d Cir. 2012) (per curiam) (citations omitted).

[5]   The Second Circuit affirmed the Immigration Judge's finding that the respondent's claim that he believed he was a United States citizen when he made his statements to the DHS was not credible. *Richmond*, 714 F.3d at 729. In his petition for review, the respondent did not contest the denial of his motion to suppress the statements he made to the DHS officers. *Id*. at 728 n.2. This issue is therefore not before us.

or State law" under section 212(a)(6)(C)(ii)(I) of the Act; (2) decide if there is a distinction in this provision between achieving a "purpose" and obtaining a "benefit"; and (3) determine whether avoiding removal proceedings qualifies as such a "purpose" or a "benefit."

## III.  POSITIONS OF THE PARTIES

The respondent argues that the plain language of the statutory phrase "for any purpose or benefit under this Act . . . or any other Federal or State law" in section 212(a)(6)(C)(ii)(I) of the Act was intended to encompass only those false claims to United States citizenship made to obtain or achieve "identifiable" purposes or benefits enumerated in the Act, or any other Federal or State law, such as obtaining a passport, a Federal student loan, or employment.  He contends that avoiding a negative legal consequence—such as removal proceedings—is not enumerated in the Act and is therefore not a cognizable "purpose or benefit."  He also argues that to hold otherwise would render the phrase "purpose or benefit" in section 212(a)(6)(C)(ii)(I) of the Act mere surplusage because all false claims to citizenship carry with them the benefit of avoiding potential removal proceedings.

In addition, the respondent asserts that a false claim to citizenship need not be material to the "purpose or benefit" being sought.  Even assuming that it must be material, the respondent contends that all false claims made to the DHS to avoid removal proceedings are immaterial because the DHS conducts independent investigations of citizenship claims.  Finally, the respondent argues that a false claim must be made knowingly and with the subjective intent of achieving or obtaining a cognizable "purpose or benefit."

The DHS argues that section 212(a)(6)(C)(ii)(I) of the Act encompasses any false claim to citizenship that is made with the subjective intent to achieve a purpose or obtain a benefit "under [the] Act . . . or any other Federal or State law," which requires that the purpose or benefit be actually governed by some law, and the false claim must objectively matter. In addition, the DHS views the phrase "purpose or benefit" as broadly encompassing not only false claims made to obtain "affirmative or positive benefits" under the Act and any other Federal or State law but also misrepresentations made to avoid negative legal consequences—including removal proceedings under the Act.

## IV. ANALYSIS

### A. Statutory Language

In interpreting statutory language, we review whether it has a plain and unambiguous meaning by referring "to the [statutory] language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).

Section 212(a)(6)(C)(ii)(I) was added to the Act by section 344(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-637. The amendment was proposed to address abuse in the employment verification process by aliens, as well as the fraud and abuse committed by illegal aliens to obtain public services and benefits that are limited to United States citizens. H.R. Rep. No. 104-828, at 199 (1996) (Conf. Rep.) (Joint Explanatory Statement), 1996 WL 563320, at *199; 142 Cong. Rec. 24,783 (1996); 142 Cong. Rec. 10,030 (1996); *see also Castro v. Att'y Gen. of U.S.*, 671 F.3d 356, 368−69 (3d Cir. 2012); *Matter of Bett*, 26 I&N Dec. 437, 442 (BIA 2014) (concluding that section 212(a)(6)(C)(ii)(I) of the Act "explicitly encompasses violations of section 274A" of the Act, 8 U.S.C. § 1324a (2012), which delineates the employment verification process).

Section 212(a)(6)(C)(ii)(I) of the Act contains three components. An alien is inadmissible under this provision if he or she: (1) "falsely represents, or has falsely represented, himself or herself to be a citizen of the United States"; (2) "for any purpose or benefit"; (3) "under th[e] Act . . . or any other Federal or State law."

### 1. False Representation of Citizenship

The plain language of section 212(a)(6)(C)(ii)(I) of the Act that any alien who "falsely represents, or has falsely represented himself or herself to be a citizen of the United States," encompasses any false claim to United States citizenship present or past, with one exception not applicable here. *See* 212(a)(6)(C)(ii)(II) of the Act. Because the Second Circuit upheld the Immigration Judge's adverse credibility finding, we need not reach the parties' arguments relating to whether a false claim must be made knowingly to trigger inadmissibility under this provision.

### 2. "For Any Purpose or Benefit"

In *Kungys v. United States*, 485 U.S. 759, 779−80 (1988), the Supreme Court interpreted the meaning of similar language under section 101(f)(6) of the Act, 8 U.S.C. § 1101(f)(6) (1988), within the context of a denaturalization provision, section 340(a) of the Act, 8 U.S.C. § 1451(a) (1988). Section 101(f)(6) of the Act attaches immigration consequences to "false testimony for the purpose of obtaining any benefits under th[e] Act." The Supreme Court held in *Kungys* that the use of the phrase "for the purpose of obtaining any benefits under th[e] Act" requires giving false testimony "with the subjective intent of obtaining immigration or naturalization benefits." *Id.* at 780.

We adopt the Supreme Court's interpretation in *Kungys* to find that an alien is inadmissible under section 212(a)(6)(C)(ii)(I) of the Act if he or she makes a false claim to United States citizenship with the "subjective intent" to obtain a "purpose or benefit" under the Act or any other Federal or State law. Whether the respondent's false claim was made with a subjective intent is a question of fact to be determined by the Immigration Judge.

### 3. "Under th[e] Act . . . or any other Federal or State Law"

In *Kucana v. Holder*, 558 U.S. 233, 244−45 (2010), the Supreme Court interpreted the phrase "specified under this subchapter" in section 242(a)(2)(B) of the Act, 8 U.S.C. § 1252(a)(2)(B) (2006), to mean "specified in" or "specified by" the particular subchapter of the Act at issue. The Court found that the word "under" in section 242(a)(2)(B) depends on other statutory provisions to define its scope. *See id.* at 245−46. Similarly, section 212(a)(6)(C)(ii)(I) is dependent on the statutory provisions of the Act or any other Federal or State law. Therefore, we interpret the phrase "*under* this Act . . . or any other Federal or State law" in section 212(a)(6)(C)(ii)(I) to mean that a false claim must be made to achieve a purpose or obtain a benefit that is governed by one of these laws. We also agree with the DHS and find that the presence of a "purpose or benefit" under section 212(a)(6)(C)(ii)(I) must be determined objectively.

### B. Scope of Section 212(a)(6)(C)(ii)(I) of the Act

In *Richmond*, the Second Circuit noted that the statutory language of section 212(a)(6)(C)(ii)(I) regarding the "purpose or benefit" requirement

> cannot be read so broadly that it fails to exclude anything. There must be some situation in which an alien falsely represents himself to be a citizen for some purpose that does *not* fall under federal or state law. Otherwise, the "for any purpose or

benefit" requirement of § 212(a)(6)(C)(ii)(I) would become surplusage—"a result that is to be avoided in statutory construction."

*Richmond*, 714 F.3d at 729 (quoting *Filler v. Hanvit Bank*, 378 F.3d 213, 220 (2d Cir. 2004)); *see also Castro*, 671 F.3d at 368 (expressing the same concern). The court also observed that although two other circuits had found instances of false claims to citizenship that fell outside the scope of the "for any purpose or benefit" requirement of section 212(a)(6)(C)(ii)(I), ambiguity still existed as to the requirement's limitations or "which certain kinds of misrepresentations can be said to fall outside the requirement's scope." *Richmond*, 714 F.3d at 730. The court noted that ambiguity still remained as to whether the presence of a "purpose or benefit" is to be determined objectively, based on whether citizenship status would "*actually* affect" the acquisition of a benefit, or subjectively, based on the effect that the individual making a citizenship claim intends it to have. *Id.* The court further opined that the "purpose or benefit" of the misrepresentation could also be determined using both objective *and* subjective tests. *Id.* In that case, aliens would trigger inadmissibility under section 212(a)(6)(C)(ii)(I) of the Act only if they misrepresented their citizenship with the "reasonable intention" of achieving some purpose or benefit under the Act, or any other Federal or State law. *Id.*

In *Castro*, 671 F.3d at 370, the Third Circuit found that the alien's false claim to United States citizenship to local police while he was being arrested for disorderly conduct had not been made for "any purpose or benefit" under the law because it had not been shown that he was "seeking a public benefit from the . . . police, in the sense of a benefit created by law and administered by the police." Nor was there any objective evidence that the police could "confer" a benefit on him. *Id.* at 370−71. The court additionally noted that "the 'purpose or benefit'" the Board imputed to the alien—"minimiz[ing] the risk that the police would report his arrest to DHS"—was an assumption that was not supported by the evidence. *Id.* at 370. The police could not bestow an immigration benefit on the alien on account of his status; nor did the alien's status affect his arrest for disorderly conduct. *Id.*[6]

By contrast, where an alien makes a false claim to United States citizenship directly to DHS officers, the courts have found that such a misrepresentation has been made to achieve or obtain the "purpose or

---

[6] However, a different result is possible where there is some evidence that a law enforcement agency would report the alienage of individuals who have been arrested and booked for a criminal violation. *See* DHS, Priority Enforcement Program, https://www.ice.gov/pep.

benefit" of gaining entry or admission into the United States. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308−09 (9th Cir. 2010) (observing that there is a distinction between making a false claim to citizenship to local police and border patrol agents and noting that the latter misrepresentation may allow an alien to avoid inspection and "enter [the United States] without difficulty").

Another example of the limiting scope of the "for any purpose or benefit" requirement is evident in *Hassan v. Holder*, 604 F.3d 915 (6th Cir. 2010). In *Hassan*, the court held that the DHS had not shown that the petitioner's false claim to citizenship on a Small Business Administration ("SBA") loan application was made to achieve a purpose or to obtain a benefit under section 237(a)(3)(D) of the Act,[7] because the DHS had not "attempted to show the 'purpose or benefit'" he received, either by demonstrating "how, if at all, [his citizenship] would affect the loan application" or by proving that he made the false claim with the subjective belief that citizenship status affected the application. *Id.* at 928−29. *Cf. Dwumaah v. Att'y Gen. of U.S.*, 609 F.3d 586, 589 (3d Cir. 2010) (upholding the Board's determination that an individual was removable under section 237(a)(3)(D) of the Act for falsely claiming citizenship on an application for a Federal student loan because citizenship was a prerequisite to such a loan).

Both of these cases involved aliens misrepresenting their citizenship and seeking benefits under Federal law, but only in *Dwumaah* was citizenship a prerequisite to the loan's approval—in other words, citizenship status actually affected the student loan application. However, as the court opined in *Richmond*, whether citizenship actually affects the purpose or benefit sought may not be the end of the inquiry—the presence of a "purpose or benefit" may also be determined subjectively. The court also noted that in *Hassan*, 604 F.3d at 928, the Sixth Circuit did not hold that obtaining an SBA loan cannot qualify as a "purpose or benefit" under the Act, or any other Federal or State law—only that the DHS, which had the burden of proof in *Hassan*, had not shown how the "purpose or benefit" requirement had been met in that case. *Richmond*, 714 F.3d at 730.

Based on the foregoing analysis, we conclude that the scope of section 212(a)(6)(C)(ii)(I) of the Act is limited to false claims to United States citizenship that meet two requirements. First, the Immigration Judge must find direct or circumstantial evidence demonstrating that the false claim was made with the subjective intent of achieving a purpose or obtaining a benefit under the Act or any other Federal or State law. Second, the

---

[7] Section 237(a)(3)(D)(i) mirrors the language of section 212(a)(6)(C)(ii)(I) of the Act but renders an alien deportable, rather than inadmissible.

presence of a purpose or benefit must be determined objectively—that is, the United States citizenship must actually affect or matter to the purpose or benefit sought. Consequently, not every false claim to United States citizenship will trigger inadmissibility under section 212(a)(6)(C)(ii)(I).

## C. Defining "Purpose" and "Benefit"

In determining whether there is a distinction between achieving a "purpose" and obtaining a "benefit" under section 212(a)(6)(C)(ii)(I) of the Act, we observe that Congress drafted the terms "purpose or benefit" in the disjunctive. As a consequence, we must attribute separate meanings to these terms. *See Garcia v. United States*, 469 U.S. 70, 73 (1984) ("Canons of construction indicate that terms connected in the disjunctive in this manner be given separate meanings.").

Because the Act does not define what constitutes a "benefit" or "purpose" under section 212(a)(6)(C)(ii)(I), we consider legislative history to help interpret the meaning of these terms. *See, e.g.*, *Matter of L-A-C-*, 26 I&N Dec. 516, 518 (BIA 2015). As previously noted, section 212(a)(6)(C)(ii)(I) was added to the Act by the IIRIRA with the intent to prevent unauthorized employment and fraudulent procurement of public services and benefits by illegal aliens. H.R. Rep. No. 104-828, at 199; 142 Cong. Rec. 24,783 (1996); 142 Cong. Rec. 10,030 (1996).

### 1. Benefit

Section 212(a)(6)(C)(ii)(I) contemplates that a "benefit" must be identifiable and enumerated in the Act or any other Federal or State law. Relevant court decisions finding a cognizable "benefit" under this section support this interpretation, holding that false claims to citizenship made to obtain a passport, admission to the United States, and private sector employment would qualify as "benefits." *See, e.g.*, *Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir. 2006) (holding that a false claim to United States citizenship made to obtain a passport renders an alien inadmissible under section 212(a)(6)(C)(ii)(I) of the Act); *Matter of Barcenas-Barrera*, 25 I&N Dec. 40, 44 (BIA 2009) (holding same and describing a passport as a legal "benefit" under Federal law because it facilitates its holder's entry into the United States); *see also Castro*, 671 F.3d at 369 ("As with a passport, it is relatively straightforward to view obtaining entry to the United States as a benefit under federal law, such that false claims of U.S. citizenship made to immigration authorities to obtain entry would satisfy" section 212(a)(6)(C)(ii)); *Ferrans v. Holder*, 612 F.3d 528, 532 (6th Cir. 2010) (holding that obtaining private sector employment qualifies as a benefit

under section 237(a)(3)(D)(i) of the Act); *Theodros v. Gonzales*, 490 F.3d 396, 402 (5th Cir. 2007) (same); *Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005) (stating that "obtaining entry to the country . . . is a 'benefit' under the Act").

Although avoiding removal proceedings may not be an identifiable "benefit" under the Act, our inquiry does not end, because obtaining a legal "benefit" can be distinguishable from achieving a "purpose" under the Act. *See Garcia*, 469 U.S. at 73.

### 2. Purpose

The legislative history of section 212(a)(6)(C)(ii)(I) of the Act does not elucidate the meaning of the term "purpose" in that provision. However, where the specific question is not answered by the plain language of the statute, either because the language is silent or is susceptible to varying interpretations, "it is our duty to resolve any ambiguities and fill any statutory gaps in a reasonable manner." *Matter of Ordaz*, 26 I&N Dec. 637, 639 (BIA 2015) (quoting *Matter of Velasquez-Herrera*, 24 I&N Dec. 503, 508 (BIA 2008)); *see also Negusie v. Holder*, 555 U.S. 511, 523 (2009).

The term "purpose" in section 212(a)(6)(C)(ii)(I) includes the avoidance of negative legal consequences—including removal proceedings. In *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007), the Tenth Circuit found that an alien's false claim to citizenship to gain private sector employment had been made for a "purpose" under the Act because it is "self-evident that an alien who misrepresents citizenship to obtain private employment does so, at the very least, for the '*purpose*' of evading [the Act's] prohibition on 'a person or other entity' knowingly hiring aliens who are not authorized to work in this country." (Emphasis added.) We have similarly found it to be self-evident that an alien who makes a false claim to United States citizenship to DHS officers at a port of entry in order to gain admission to the United States has done so not only to obtain the "benefit" of entry but also to achieve, at least in part, the "purpose" of evading the Act's inspection requirement. *See Matter of Pinzon*, 26 I&N Dec. 189, 191−92 (BIA 2013) (finding that an alien who made a false claim to citizenship at the port of entry evaded inspection and was inadmissible under section 212(a)(6)(C)(ii) of the Act); *see also Matter of F-*, 9 I&N Dec. 54, 56 (Reg'l Comm'r, Ass't Comm'r 1960) (noting that an alien who makes a false claim to United States citizenship to gain entry to this country has done so "for the purpose of evading inspection").

Although aliens who have gained private sector employment and admission to the United States have obtained "benefits" under the law, this

same conduct can also be characterized as achieving a "purpose" within the meaning of section 212(a)(6)(C)(ii)(I) of the Act. In *Matter of Barcenas-Barrera*, 25 I&N Dec. at 44, we held that an alien's false claim to citizenship on a United States passport application rendered her inadmissible under section 212(a)(6)(C)(ii)(I) because "[o]btaining a United States passport is clearly a benefit within the scope of this section." Moreover, we found that the alien had applied for the passport because "she intended to give [it to] her employer as proof that she had authorization to work." *Id.* at 41. Therefore, while obtaining a legal benefit, a passport, the alien had also made her false claim to citizenship for the "purpose" of evading the Act's prohibition on unauthorized employment. *See Kechkar*, 500 F.3d at 1084. Similarly, while the Eighth Circuit has held that an alien who makes a false claim to citizenship to immigration authorities has done so to obtain the benefit of entering the United States, *Jamieson*, 424 F.3d at 768, we have noted that such a false claim may also be made in order to achieve "the purpose of evading inspection," *Matter of F-*, 9 I&N Dec. at 56.

An alien who makes a false claim to United States citizenship succeeds in avoiding the negative legal consequences of inspection or removal proceedings, if at all, because the Act and other Federal laws do not subject citizens to the same level of scrutiny at the port of entry as aliens, and because these laws do not render citizens removable. *See Matter of Pinzon*, 26 I&N Dec. at 191; *see also Richmond*, 714 F.3d at 730. Accordingly, we hold that avoiding removal proceedings is "the kind of *purpose*" covered by section 212(a)(6)(C)(ii)(I) of the Act. *Richmond*, 714 F.3d at 730 (emphasis added).

## V. APPLICATION TO THE RESPONDENT

The respondent has not met his burden of establishing that he is not inadmissible under section 212(a)(6)(C)(ii)(I) of the Act. *Crocock v. Holder*, 670 F.3d 400, 403 (2d Cir. 2012) (per curiam) (noting that an alien applying for adjustment of status is "required to prove a negative—that he did not falsely claim United States citizenship" within the meaning of section 212(a)(6)(C)(ii)(I) of the Act). The respondent made a false claim to United States citizenship to DHS officers while he was unlawfully present in the United States. His claim that he genuinely believed he was a United States citizen was found to be not credible. Based on this adverse credibility finding, the Immigration Judge properly determined that the respondent had the subjective intent to avoid removal proceedings when he made these misrepresentations. *See Matter of D-R-*, 25 I&N Dec. 445, 453−54 (BIA 2011) (holding that an Immigration Judge may make

reasonable inferences based on the evidence and that a choice between two plausible alternative interpretations of the record is not clearly erroneous). We therefore conclude that the respondent has not shown that, at the time of his false claim to United States citizenship, he did not have the subjective intent to achieve the "purpose" under the Act of avoiding removal proceedings.

According to the respondent, because DHS officers generally conduct an independent investigation to verify a claim to United States citizenship, such a false claim made to a DHS officer does not actually affect whether an individual would be identified as an alien and placed in removal proceedings. We are not persuaded by this argument. The respondent's misrepresentations were made to DHS officials in the context of an investigation regarding his immigration status, and as the Immigration Judge noted, his false claim would "completely exempt the respondent from further scrutiny or investigation by Immigration Officers." *See Matter of Pinzon*, 26 I&N Dec. at 191 (recognizing "that a United States citizen is not subject to the same scrutiny and requirements as an alien during the process of inspection" by immigration authorities (citing *Reid v. INS*, 420 U.S. 619, 624−25 (1975))). Since United States citizens are not removable, we conclude that the respondent has not shown that citizenship would not actually affect his ability to achieve his intended purpose of avoiding removal proceedings.

## VI. CONCLUSION

The respondent has not met his burden of proving that his false claim to United States citizenship was not made "for any purpose or benefit" under the Act and thus does not render him inadmissible under section 212(a)(6)(C)(ii)(I) of the Act. The respondent has not shown that he lacked the subjective intent to avoid removal proceedings when he made his false claim to citizenship. Nor did he demonstrate that United States citizenship does not actually affect removal proceedings under the Act. We therefore affirm the Immigration Judge's finding that the respondent is inadmissible under section 212(a)(6)(C)(ii)(I) of the Act and ineligible for adjustment of status. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.