Richmond v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                  *Circuit Judges.*

_____

KEON RICHMOND, AKA KIEON RICHMOND,
AKA KEION RICHMOND, AKA KEION
RICHMAN,

                  *Petitioner*,

             v.                                              16-2813-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

                  *Respondent*.

_____

Appearing for Petitioner:     Thomas E. Moseley, Law Offices of Thomas E. Moseley, Newark, NJ.

Appearing for Respondent:     Chad A. Readler, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Petition to review an order of the United States Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Keon Richmond appeals from the July 28, 2016 order of the Board of Immigration Appeals determining that his misrepresentation about his immigration status to United States Immigration and Customs Enforcement officers for the purpose of avoiding removal amounted to a violation of Section 212(a)(6)(C)(ii)(I) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(C)(ii)(I)), which prohibits non-citizens from falsely representing themselves as citizens "for any purpose or benefit under" that statute. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The BIA's interpretations of the INA receive the deference given to every administrative agency in accordance with *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984); *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011). Under *Chevron*, we first ask whether the statute at issue is ambiguous: if not, we rely on its clear meaning; if so, we defer to an agency's interpretation so long as it is "reasonable, and not arbitrary, capricious, or manifestly contrary to the statute." *Adams v. Holder*, 692 F.3d 91, 95 (2d Cir. 2012) (internal quotation marks omitted). When we previously remanded this case to the BIA to clarify the meaning of Section 212(a)(6)(C)(ii)(I) of the INA, we determined that the language in that provision was ambiguous. *Richmond v. Holder*, 714 F.3d 725, 730-31 (2d Cir. 2013). Now that the BIA has interpreted that provision, all that remains is for us to determine whether the BIA did so reasonably.

The BIA interpreted "purpose . . . under [the INA] . . . or any other Federal or State law" to encompass "the avoidance of negative legal consequences—including removal proceedings." *Matter of Richmond*, 26 I. & N. Dec. 779, 788-89 (BIA 2016). This interpretation is clearly within the bounds of reason. Indeed, it comports with our prior observation that "[a]voiding removal, like avoiding taxes or the draft . . . would certainly seem to be the kind of purpose that only exists under state or federal law. Someone who lies to [avoid removal] succeeds, if at all, because the law . . . makes citizens not deportable." *Richmond*, 714 F.3d at 730. Because the BIA's interpretation is reasonable, we must accord it deference.

Richmond's arguments to the contrary are without merit. Even were we to agree with the faults he finds in the BIA's interpretation, these faults are not so egregious as to make the interpretation arbitrary, capricious, or manifestly contrary to the statute. Whether including the purpose of avoiding removal proceedings under the INA in the definition of "purpose…under" the INA is ultimately the most sensible reading or not, it is not a "logical fallacy." Petitioner's Reply 2. Since the BIA's reading is a reasonable one and since we have already determined the statute is ambiguous, we refrain from replacing its reading with the one Richmond urges upon us.

2

We have considered the remainder of Richmond's arguments and find them without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk