Taman v. Sessions

BIA
Montante, IJ
A078 330 707

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

WALID HASSAN TAMAN, AKA WALTER
HASSAN TAMAN,
*Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

16-3827
NAC

FOR PETITIONER:          Anne E. Doebler, Buffalo, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Derek C. Julius,
                         Assistant Director; Erica B.
                         Miles, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Walid Hassan Taman, a native and citizen of Egypt, seeks review of an October 12, 2016, decision of the BIA affirming an April 28, 2015, decision of an Immigration Judge ("IJ"). *In re Walid Hassan Taman,* No. A 078 330 707 (B.I.A. Oct. 12, 2016), *aff'g* No. A 078 330 707 (Immig. Ct. Buffalo Apr. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing agency's legal conclusions *de novo* and factual findings for substantial evidence).

## I. Adjustment of Status

We retain jurisdiction to review the agency's determination that Taman was statutorily ineligible for adjustment of status. *See Richmond v. Holder*, 714 F.3d

2

725, 728 (2d Cir. 2013); *Harjinder Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006). Accordingly, we review whether Taman's false statements of U.S. citizenship before federal and state officials rendered him ineligible for adjustment of status. *See Ling Yang v. Mukasey*, 514 F.3d 278, 279 (2d Cir. 2008) (holding that we retain jurisdiction where "the discretionary determination is based on the same grounds as the eligibility determination").

To qualify for adjustment of status, Taman had to prove that he (1) had been inspected and admitted; (2) is admissible; (3) has an immediately available immigrant visa number; and (4) warrants a favorable exercise of discretion. *See* 8 U.S.C. § 1255(a). The sole issue here is whether Taman is inadmissible, and thus ineligible to adjust, because he made false representations of U.S. citizenship. *Id.* § 1182(a)(6)(C)(ii). He is.

Taman argues that none of his statements in July and August 2000 were made to obtain an immigration benefit. Making a false claim of U.S. citizenship to apply for documents that confer U.S. immigration benefits constitutes a "purpose or benefit" rendering an applicant inadmissible.

3

*Richmond*, 714 F.3d at 729 n.4; *see also Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir. 2006) (holding that applying for U.S. passport counts as "purpose or benefit" triggering inadmissibility).  Taman argues that the documents he sought from federal agencies and the state of Montana—a birth certificate, social security cards, declarations of marriage, state-issued "no find" letters as to his place of birth, and a student identification card—were not made with the intent to derive an immigration benefit because those documents do not confer such a benefit on their own.  But as the agency determined, Taman held himself out as a U.S. citizen for the "immediate purpose of obtaining identification documents under state law and for the ultimate purpose of obtaining a U.S. passport," which would confer an immigration benefit. *In re Walid Hassan Taman,* No. A 078 330 707 (B.I.A. Oct. 12, 2016); *see Rodriguez*, 451 F.3d at 65.  Taman does not dispute that his intent was to gather various forms of documentation to support a passport application.  Accordingly, the agency did not err in concluding that Taman's false claims of citizenship were made to obtain documentation with the intent of securing a U.S. passport,

4

and thus rendered him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) and ineligible for adjustment of status. *Richmond*, 714 F.3d at 729 n.4; *Matter of Richmond*, 26 I. & N. Dec. 779, 786-87 (B.I.A. 2016) (holding that false claim is made to obtain purpose or benefit where there is "direct or circumstantial evidence" of "subjective intent of achieving a purpose or obtaining a benefit under the Act or any other Federal or State law" and an objective basis, i.e., that "citizenship . . . actually affect or matter to the purpose or benefit sought"), *aff'd Richmond v. Sessions*, 697 F. App'x 106, 107 (2d Cir. 2017) (summary order) (deferring to BIA's interpretation).

Taman also argued that he timely retracted any false claim to U.S. citizenship by attempting to withdraw his passport application. But the dispositive factor was his subjective intent or purpose of eventually acquiring a passport "at the time" that he made each of his false statements. *Matter of Richmond*, 26 I. & N. Dec. at 788-90 (explaining that false claim of citizenship on passport application was fatal both because passport is "benefit," and because applicant had "purpose" of evading prohibition against working where intent was to provide passport to

5

prospective employer).

Moreover, Taman cites no applicable authority for applying a doctrine of "timely retraction." His reliance on the Foreign Affairs Manual is misplaced because that guidance relates to regulations regarding visa processing by foreign affairs officers, not removal proceedings. *See* 9 FAM 40.63 N4.6 (2011); 22 C.F.R. § 40.63. To the extent the BIA has recognized the possibility of recantation in other contexts, it must be done voluntarily and without delay. *See Matter of Namio*, 14 I. & N. Dec. 412, 414 (B.I.A. 1973); *see also Matter of M-*, 9 I. & N. Dec. 118, 119 (B.I.A. 1960); *Matter of R-R-*, 3 I. & N. Dec. 823, 827 (B.I.A. 1949) (applying the principle when an alien "voluntarily and prior to the exposure of the attempted fraud," corrected his testimony that he was an alien lawfully residing in the United States); *cf. Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 183 (2d Cir. 2008) (suggesting BIA consider applicability of timely recantation doctrine in context of frivolousness filing based on withdrawn asylum application). Taman presents no evidence that he mailed his withdrawal letter or that it was received by the passport office, and the only evidence reflects that he

6

waited a month to withdraw it and that he was already under investigation, which calls into question the voluntariness of any recantation. Finally, he never recanted the false statements he made to other federal and state authorities to obtain the documentation for the passport application.

## II. Abandoned Asylum Application

Taman argues that the IJ should have provided him an opportunity to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") because he expressed a fear of returning to Egypt in his 2007 motion to reopen, and that the BIA should have remanded his case for consideration of these forms of relief. We find no abuse of discretion in the agency's refusal to consider this relief. *See Dedji v. Mukasey* 525 F.3d 187, 191 (2d Cir. 2008) (reviewing IJ decision regarding deadlines for abuse of discretion); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (reviewing denial of remand for abuse of discretion). Neither Taman nor his counsel expressed to the IJ that Taman wanted to apply for asylum or that he feared harm in Egypt. Absent an allegation of fear, the IJ was not obligated to advise Taman of the right to apply for asylum.

7

*Cf. Matter of C-B-*, 25 I. & N. Dec. 888, 890-91 (B.I.A. 2012) (requiring IJ "to advise the respondent of the right to apply for asylum or withholding of removal (including protection under the [CAT]) and make the appropriate application forms available" where respondent states a fear of harm).  Moreover, on appeal to the BIA, Taman did not submit any previously unavailable evidence to demonstrate his prima facie eligibility for asylum.  *See* 8 C.F.R. § 1003.2(c)(1) (providing that motions to reopen must be supported by material, previously unavailable evidence).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court