## MATTER OF WONG

### In Deportation Proceedings

#### A-13679199

*Decided by Board July 11, 1966*

Where in deportation proceedings the special inquiry officer failed to determine whether the entry as a United States citizen of respondent, a section 245 applicant, was made in good faith, the case will be remanded therefor since an alien who gained admission on the basis of a knowing and willful false claim to U.S. citizenship has not been "inspected" under the immigration laws but an alien who gained admission upon a citizenship claim, honestly believing herself to be a citizen at the time of entry, has been "inspected" within the meaning of the immigration laws.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 213(a) [1946 Ed.]—No immigration visa.

This case is before us on appeal from a decision of a special inquiry officer denying the application under section 245 of the Immigration and Nationality Act and directing the respondent's deportation.

The respondent is a 28-year-old unmarried female, native and citizen of China, whose only entry into the United States occurred on January 3, 1952 at which time she secured admission as a United States citizen. Deportability on the charge stated above has been conceded. The special inquiry officer found that the respondent was statutorily ineligible under section 245. For the reasons hereinafter stated, we will remand the case to the special inquiry officer for further action.

In *Matter of S—*, 9 I. & N. Dec. 599 (1962), we held that an alien who had gained admission to the United States by making a willful false claim to United States citizenship has not been "inspected"

as an alien and is not eligible under section 245. An applicant was held eligible under section 245 in *Matter of F—,* 9 I. & N. Dec. 54, a Regional Commissioner's decision approved by the Assistant Commissioner on October 7, 1960, where the alien presented herself to an immigrant inspector and stated that she was a United States citizen, honestly believing this to be the truth. It was concluded that she had not entered without inspection and reliance was placed on prior unreported decisions of the Board in 1946 and 1949. It seems apparent, therefore, that this has been the rule since at least 1946.

The special inquiry officer discussed our unreported decision in *Matter of Jun Yick Woo,* file A–10764710 (1964), in which we approved an application under section 245 where the alien secured entry as a United States citizen but did not willfully or knowingly make the false claim of citizenship. The special inquiry officer stated that he need not follow that decision since it had not been designated as a precedent and that he would not do so because he was of the opinion that that case had been incorrectly decided. In *Matter of Jun Yick Woo,* we relied on *Matter of F—, supra,* and our two unreported decisions of 1946 and 1949. We have carefully considered the special inquiry officer's statements as to why he believed that *Matter of Jun Yick Woo* had been incorrectly decided but we are not persuaded by the reasons given by him. As we have indicated above, it has been the position of the Board since 1946 that an alien who honestly believed himself to be a citizen and appeared before an immigrant inspector can properly be considered to have been inspected within the meaning of the immigration laws. If he knowingly and willfully falsely claimed United States citizenship, he was not inspected. We can perceive no valid reason for now abandoning this position. Accordingly, we rule that this respondent must be considered to have been "inspected" within the meaning of section 245 provided that she honestly believed herself to be a United States citizen and did not knowingly or willfully make a false claim to citizenship at the time of entry. Since the special inquiry officer expressly avoided any determination of that matter, we will remand the case to him for consideration of the question of whether the respondent entered in good faith and as to whether she is otherwise eligible for adjustment of status. Our order will authorize reopening of the hearing if the special inquiry officer considers such action necessary. In that case, the Service and the respondent may offer any additional pertinent evidence.

ORDER: It is ordered that the case be remanded to the special inquiry officer for further proceedings in accordance with the foregoing including authorization to consider the hearing reopened if he deems that action necessary.

*It is further ordered* that, following further decision of the special inquiry officer, the case be certified to the Board in accordance with 8 CFR 3.1(c).