# Matter of Jun Yun ZHANG, Respondent

*Decided June 28, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Under the plain language of section 237(a)(3)(D)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(3)(D)(i) (2012), it is not necessary to show intent to establish that an alien is deportable for making a false representation of United States citizenship.

(2) Although a Certificate of Naturalization (Form N-550) is evidence of United States citizenship, the certificate itself does not confer citizenship status if it is acquired unlawfully.

FOR RESPONDENT: Kai W. De Graaf, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Trisha Lacey, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

In a decision dated November 8, 2017, an Immigration Judge found the respondent removable under section 237(a)(3)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(3)(D) (2012), as an alien who falsely claimed to be a United States citizen, but granted his application for cancellation of removal. [1] The respondent has appealed from the Immigration Judge's finding of removability. [2] The appeal will be dismissed.

The respondent is a native and citizen of the People's Republic of China who was admitted to the United States as a lawful permanent resident on June 20, 1991. Subsequently, through intermediaries, he purchased a Certificate of Naturalization (Form N-550) from a person who, at the time, was an officer of the former Immigration and Naturalization Service ("INS") and

---

[1] Section 237(a)(3)(D)(i) of the Act provides:

> Any alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this Act (including section 274A) or any Federal or State law is deportable.

[2] Neither party has appealed the Immigration Judge's grant of cancellation of removal, so this issue is not before us. *See, e.g., Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 496 n.1, 498 n.3 (BIA 2018).

who was later convicted of illegally selling such certificates. A current officer of the Department of Homeland Security ("DHS") testified that the respondent obtained his Certificate of Naturalization from the former INS officer through unlawful means and that he did not properly complete the naturalization process to merit the issuance of a certificate.

According to the Immigration Judge, the respondent's testimony revealed that he could not pass the English and civics tests, did not receive a Notice of Naturalization Oath Ceremony (Form N-445), and did not participate in the requisite interview process. The Immigration Judge did not make a finding as to whether the respondent knowingly made a false representation of United States citizenship. Rather, he stated that the "Court is mindful that the respondent either knowingly or unknowingly tried to obtain United States citizenship through a shortcut."

On appeal, the respondent argues that he is not removable and that his proceedings should be terminated because he is a United States citizen. He contends that to find him removable under section 237(a)(3)(D) of the Act, it must be shown that he made a false claim to citizenship that was "willful" or "knowing." The respondent also asserts that he has always believed he was a United States citizen and that because he acted in good faith, he did not obtain the Certificate of Naturalization for any "benefit" under the Act. In response, the DHS argues that the statutory language of section 237(a)(3)(D) does not require intent or a culpable mental state. The question before us, therefore, is whether an alien's false claim to United States citizenship must be made knowingly to render him or her removable.

In *Matter of Richmond*, 26 I&N Dec. 779, 783 (BIA 2016), we considered whether the statutory language of section 212(a)(6)(C)(ii)(I) of the Act, 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2012), which is virtually identical to that of section 237(a)(3)(D)(i), has a plain and unambiguous meaning. In looking to the legislative history, we observed that this provision was added to the Act by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), "with the intent to prevent unauthorized employment and fraudulent procurement of public services and benefits by illegal aliens." *Id.* at 787. We interpreted the meaning and scope of the phrase "for any purpose or benefit under this Act . . . or any Federal or State law." *Id.* at 784–89. But we did not decide whether a false claim to citizenship must be *knowingly* made to give rise to immigration consequences, because the United States Court of Appeals for the Second Circuit had upheld the Immigration Judge's adverse credibility finding regarding the alien's claimed belief that he was a United States citizen. *Id.* at 781 n.5, 783. The Immigration Judge made no such explicit credibility finding in this case.

We have a duty to follow the plain and unambiguous language of the statute. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("If the statute is clear and unambiguous 'that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" (citations omitted)). In interpreting statutory language, we determine if its meaning is plain by referring "to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co*., 519 U.S. 337, 340–41 (1997); *see also Matter of A. Vasquez*, 27 I&N Dec. 503, 504 (BIA 2019).

Section 237(a)(3)(D)(i) of the Act provides that an alien is deportable if he "falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit." The plain language of this section does not require an intent to falsely represent citizenship status.[3] Significantly, Congress carved out a narrow exception to this provision for those aliens whose parents are or were United States citizens; who permanently resided in the United States prior to the age of 16 years; and who reasonably believed that they were United States citizens when they made such a claim.[4] Section 237(a)(3)(D)(ii) of the Act; *see also* section 212(a)(6)(C)(ii)(II) of the Act. This exception indicates that an alien is not required to know that a claim to citizenship is false, because if Congress had intended to include a knowledge or willfulness requirement in section 237(a)(3)(D)(i), there would be no need for a good faith exception.

---

[3] By contrast, section 212(a)(6)(C)(i) of the Act, which is not applicable here, renders an alien inadmissible if he or she "by fraud or *willfully* misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act." (Emphasis added.) The absence of a "knowing" or "willful" requirement for false claims to citizenship in sections 212(a)(6)(C)(ii)(I) and 237(a)(3)(D)(i) indicates that there was no congressional intent to include one. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) ("[A] negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute."); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted)).

[4] Although the respondent indicated at one point in his appellate brief that he has believed he is a United States citizen, he has never argued that he falls within the exception relating to a reasonable belief under section 237(a)(3)(D)(ii) of the Act. We note in this regard that the Eighth Circuit, in whose jurisdiction this case arises, previously remanded a case where the issues were whether a minor's status at the time of her misrepresentation of United States citizenship would excuse her from inadmissibility under section 212(a)(6)(C)(ii) and whether her maturity level should be considered in determining if her retraction of the misrepresentation was timely. *See Sandoval v. Holder*, 641 F.3d 982, 986–89 (8th Cir. 2011). However, the respondent's case presents a different issue and does not require us to reach the questions raised in *Sandoval*.

The Eleventh Circuit's reasoning in *Patel v. U.S. Attorney General*, 917 F.3d 1319, 1326 n.5 (11th Cir. 2019), where the court addressed the nearly identical exception in section 212(a)(6)(C)(ii)(II) of the Act, is instructive. With respect to whether a false claim to citizenship must be "knowing" to establish inadmissibility under section 212(a)(6)(C)(ii)(I), the court stated, "We seriously doubt that [the statute] requires the false claim to be knowing. For starters, the text does not mention a 'knowing' or 'willful' false representation of citizenship." *Id.*; *see also Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309 n.7 (9th Cir. 2010) (noting that unlike the corresponding criminal provision, which "requires the representation to be both false and willful," section 212(a)(6)(C)(ii)(I) "only requires falsity"). Furthermore, the court concluded that interpreting section 212(a)(6)(C)(ii)(I) "to include a knowing requirement . . . would render superfluous the exception in the immediately following subsection." *Patel*, 917 F.3d at 1326 n.5 ("If [section 212(a)(6)(C)(ii)(I)] contains a knowing requirement, the exception Congress explicitly included is entirely unnecessary."); *see also Richmond v. Holder*, 714 F.3d 725, 729 n.3 (2d Cir. 2013) (stating that for aliens who cannot meet the requirements of the exception, "false citizenship claims need not be knowing to run afoul of [section] 212(a)(6)(C)(ii)(I)").

The existence of the exception in section 237(a)(3)(D)(ii) of the Act similarly shows that Congress chose to exclude a scienter requirement from section 237(a)(3)(D)(i). Thus, we conclude that under the plain language of that section, it is not necessary to show intent to establish that an alien is deportable for making a false representation of United States citizenship.[5] An alien need only falsely claim to be a United States citizen for any purpose or benefit under the Act or any Federal or State law to be deportable.

As support for his arguments, the respondent relies on our precedent decisions in *Matter of Barcenas-Barrera*, 25 I&N Dec. 40 (BIA 2009), and *Matter of Wong*, 11 I&N Dec. 712 (BIA 1966). However, these cases do not resolve the issue before us. *Matter of Barcenas-Barrera* determined that an alien who was convicted of willfully and knowingly making a false representation of birth in the United States on a passport application was inadmissible under section 212(a)(6)(C)(ii) of the Act, but it did not hold that proof of such intent is *required* to find an alien inadmissible under that provision. *See Matter of Barcenas-Barrera*, 25 I&N Dec. at 42. In addition, *Matter of Wong*, which predates enactment of the IIRIRA, does not stand for the broad proposition that the respondent asserts—"that in order for a false claim of citizenship to have any negative consequence, it must be made knowingly and intentionally." That case involved the narrow question whether an alien was "inspected" for purposes of adjustment of status if her

---

[5]  Proof of a criminal conviction is also not required to sustain a charge of removability under section 237(a)(3)(D)(i) of the Act.

false claim to citizenship at the time of admission was made in good faith. *Matter of Wong*, 11 I&N Dec. at 713.

Here, the Immigration Judge found that the respondent falsely claimed United States citizenship after he unlawfully purchased a Certificate of Naturalization and used it to obtain a United States passport, which is clearly a "benefit" under the Act. *Matter of Barcenas-Barrera*, 25 I&N Dec. at 44. Moreover, the respondent used his illegally obtained passport to travel abroad and reenter the United States, which the Immigration Judge also found to be a benefit. *See Castro v. Att'y Gen. of U.S.*, 671 F.3d 356, 369 (3d Cir. 2012) (stating that obtaining entry to the United States by making a false claim to citizenship at the border is a "benefit" under the Act); *Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005) (same). There is no clear error in the Immigration Judge's finding that the respondent's false claim to be a United States citizen was made with a subjective intent to obtain such benefits. *See Matter of Y-L-*, 24 I&N Dec. 151, 159 (BIA 2007) (stating that an alien's intent is a factual finding made by the Immigration Judge, which is reviewed for clear error). The Immigration Judge properly concluded that the respondent is removable under section 237(a)(3)(D) of the Act because there is clear and convincing evidence that his unlawful acquisition of a Certificate of Naturalization was for the purpose of obtaining these benefits. *See Matter of Richmond*, 26 I&N Dec. at 784 (finding that an alien is inadmissible under section 212(a)(6)(C)(ii)(I) of the Act if he makes a false claim to citizenship with the subjective intent to obtain a "purpose or benefit" under the Act or other law); *see also* section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2012).

The respondent also maintains that he is a United States citizen and that the DHS lacked the authority to cancel his Certificate of Naturalization. Contrary to his arguments, this case does not involve the revocation of naturalization, also referred to as denaturalization, which can only occur in Federal district court. *See* section 340(a) of the Act, 8 U.S.C. § 1451(a) (2012); *Gorbach v. Reno*, 219 F.3d 1087, 1093–94, 1099 (9th Cir. 2000); *Matter of Falodun*, 27 I&N Dec. 52, 55–56 (BIA 2017). However, the DHS has the authority to cancel a Certificate of Naturalization, because the statute and the regulations provide for administrative cancellation if a Certificate of Naturalization was illegally or fraudulently obtained or created. Section 342 of the Act, 8 U.S.C. § 1453 (2012); 8 C.F.R. §§ 342.1, 342.8 (2019).

Although a Certificate of Naturalization is evidence of United States citizenship, the certificate itself does not confer citizenship status if it is acquired unlawfully. *See* section 338 of the Act, 8 U.S.C. § 1449 (2012). As the Immigration Judge determined, the respondent obtained his Certificate of Naturalization "through unlawful means" from a former INS official who was later convicted for his criminal activity in this regard. Therefore, the

respondent never properly completed the naturalization process, which requires filing an Application for Naturalization (Form N-400), taking an oath of allegiance at a public ceremony, and obtaining a valid Certificate of Naturalization to document the grant of United States citizenship. *See Matter of Falodun*, 27 I&N Dec. at 54; *see also* section 337(a) of the Act, 8 U.S.C. § 1448(a) (2012).

As we stated in *Matter of Falodun*, a Certificate of Naturalization "cannot be [administratively] cancelled if it was issued to a person who lawfully filed an Application for Naturalization and proceeded through the entire naturalization process to the oath of allegiance." *Matter of Falodun*, 27 I&N Dec. at 55–56 (citing section 340 of the Act). However, since the respondent obtained a Certificate of Naturalization without completing the statutorily prescribed naturalization process, he never lawfully naturalized, and his certificate was properly cancelled. *See* section 310(d) of the Act, 8 U.S.C. § 1421(d) (2012); *Rogers v. Bellei*, 401 U.S. 815, 830 (1971) (observing that an alien has no right to naturalization unless all the statutory requirements are met); *cf. Fedorenko v. United States*, 449 U.S. 490, 506 (1981) ("[T]here must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with any of these conditions renders the certificate of citizenship 'illegally procured,' and naturalization that is unlawfully procured can be set aside.").

In claiming that the cancellation of his Certificate of Naturalization was ineffective, the respondent cites section 342 of the Act, which provides that the cancellation of a Certificate of Naturalization does not affect "the citizenship status of the person in whose name the document was issued." However, his reliance on that provision is misplaced. Since his Certificate of Naturalization was illegally obtained, he was never entitled to the citizenship status it purported to accord. *See Matter of Falodun*, 27 I&N Dec. at 55; *cf. Matter of Koloamatangi*, 23 I&N Dec. 548, 551 (BIA 2003) (holding that an alien who acquired permanent resident status by fraud "is deemed, ab initio, never to have obtained [such] status").

We agree with the Immigration Judge's determination that the respondent is removable from the United States under section 237(a)(3)(D) of the Act. We need not address his remaining contentions on appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.